## Walter C. CHRUBY

v.

## DEPARTMENT OF CORRECTIONS of the Commonwealth of Pennsylvania and Prison Health Services, Inc.

### Appeal of: Pennsylvania Department of Corrections.

### Walter C. Chruby

v.

## Department of Corrections of the Commonwealth of Pennsylvania and Prison Health Services, Inc.

### Appeal of: Prison Health Services, Inc.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 9, 2010.

Decided Aug. 19, 2010.

---

William E. Fairall, Jr., Deputy Chief Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for appellant, Department of Corrections.

L. Theodore Hoppe, Jr., Kennett Square, for appellee, Walter A. Chruby. Kim Kocher, Philadelphia, for appellee, Prison Health Services, Inc.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SIMPSON.

In these consolidated appeals, the Department of Corrections (DOC) and Prison Health Services, Inc. (PHS) ask whether the Court of Common Pleas of Delaware County (common pleas) erred in granting Walter C. Chruby's (Chruby) request for an *ex parte* preliminary injunction requiring DOC and PHS to transport Chruby to the University of Pittsburgh Medical Center (UPMC)—Shadyside for treatment of an acute condition related to his recurring kidney infection.

For the reasons stated below, we agree with all parties that this matter is technically moot because Chruby already received the treatment he sought pursuant to common pleas' decree and that decree dissolved by operation of law. Nevertheless, we believe this case falls within an exception to the mootness doctrine. Thus, we do not dismiss as moot the appeals filed by DOC and PHS. Ultimately, we conclude original jurisdiction over this case lies with this Court rather than common pleas, because DOC is an indispensable party. Therefore, we vacate the common pleas' decree and direct transfer of this appeal to our original jurisdiction.

## I. Background

By way of brief background, in late February 2010, Chruby, an inmate at SCI—Laurel Highlands, filed a complaint against DOC and PHS[1] in common pleas. Through his complaint, Chruby sought preliminary and permanent injunctive relief against DOC and PHS based on their alleged failure to comply with the terms of a settlement agreement executed by the parties in 2007.

More specifically, Chruby averred that a "Settlement Agreement and General Release," (Settlement Agreement) which he attached to his complaint, resolved a civil suit he filed against DOC and PHS in the U.S. District Court for the Middle District of Pennsylvania. He alleged that, under the terms of the Settlement Agreement, DOC and PHS agreed to transport him to UPMC—Shadyside, a tertiary care facility, each time he presented with an acute kidney stone episode or pyelonephritis. Chruby further averred that DOC and PHS breached the Settlement Agreement almost immediately and began repeatedly withholding or intentionally delaying adequate medical care and failing to promptly transport him to UPMC—Shadyside.

On the same day as Chruby filed his complaint, Chruby also filed a Motion for *Ex Parte* Temporary Restraining Order and for Preliminary and Permanent Injunction (Motion). In that motion, Chruby averred that he was "presently suffering from sepsis, a serious, life threatening infection," and DOC and PHS were denying him proper medical care and treatment "placing [his] life in imminent danger." Pl.'s Mot. for *Ex Parte* TRO and for Prelim. and Permanent Inj. at ¶ 27.

Chruby presented his Motion to an "emergency" judge of the common pleas court in the late afternoon of February 22, 2010. Based on the averments in the motion, the judge issued a decree granting temporary relief and requiring DOC and PHS to immediately transport Chruby to UPMC—Shadyside by the most expeditious means possible for medical treatment

---

1. According to Chruby's filings in common pleas, Prison Health Services, Inc. is a medical services provider that contracts with the Department of Corrections to provide medical

care to inmates at many of its institutions, including SCI—Laurel Highlands and SCI—Chester, Delaware County. Reproduced Record at 12a, 23a.

in accordance with the terms of the Settlement Agreement. The decree further indicated the common pleas court would schedule a hearing on a preliminary and/or permanent injunction.

The common pleas judge then forwarded the case to the Delaware County Court Administrator for assignment of a judge to conduct a hearing pursuant to Pa. R.C.P. No. 1531. Three days after common pleas entered its decree granting Chruby's Motion, DOC filed a notice of appeal.

On the same day as DOC filed its appeal, PHS filed a "Motion to Dissolve Pursuant to Delaware County Local Rule 1531 and Response in Opposition to Plaintiff's Motion for 'Ex Parte Temporary Restraining Order and for Preliminary and Permanent Injunction.[']" Reproduced Record (R.R.) at 56a–69a. Shortly thereafter, PHS filed its notice of appeal.

Common pleas then ordered DOC and PHS to file Statements of Matters Complained of on Appeal pursuant to Pa. R.A.P. 1925(b). DOC and PHS complied with this order.

Shortly thereafter, common pleas court issued an opinion pursuant to Pa. R.A.P. 1925(a) in which it explained that, in granting Chruby's request for a temporary *ex parte* injunction, it acted upon the averment in Chruby's Motion that he suffered a life-threatening sepsis infection and was in imminent danger of death. The court stated that the fact that the level of care necessary to treat Chruby's condition was the subject of prior litigation culminating in the Settlement Agreement, lent credence to Chruby's allegation that he was gravely ill. The court stated it accepted the allegation that Chruby's medical condition was severely compromised for the limited purpose of issuing the temporary decree. Common pleas also stated that, "but for" the appeals filed by DOC and PHS, it would have scheduled a hearing on PHS's motion to dissolve, after notice to all parties, or the temporary injunction would have dissolved after five days by operation of law. *See* Pa. R.C.P. No. 1531(d). Ultimately, common pleas asked that this Court remand this case for assignment and ultimate disposition of the underlying matter. The appeals of DOC and PHS are now before us for disposition.

## II. Issues

On appeal,[2] DOC acknowledges this case is technically moot because Chruby already received the medical care he

---

**2.** "Our review of a trial court's order granting or denying preliminary injunctive relief is 'highly deferential.'" *Warehime v. Warehime,* 580 Pa. 201, 209, 860 A.2d 41, 46 (2004). "This 'highly deferential' standard of review states that in reviewing the grant or denial of a preliminary injunction, an appellate court is directed to examine the record to determine if there were any apparently reasonable grounds for the action of the court below." *Id.*

"A preliminary injunction is designed to preserve the subject of the controversy in the condition in which it is when the order is made, it is not to subvert, but to maintain the existing status quo until the legality of the challenged conduct can be determined on the merits." *Sheridan Broad. Networks, Inc. v. NBN Broad., Inc.,* 693 A.2d 989, 994 (Pa.Super.1997) (quoting *In re Appeal of Little Britain,* 651 A.2d 606, 611 (Pa.Cmwlth.1994)).

There is, however, a distinction between mandatory and prohibitory injunctions. Mandatory injunctions command the performance of some positive act to preserve the status quo, and prohibitory injunctions enjoin a party from doing an act that will change it. *Mazzie v. Commonwealth,* 495 Pa. 128, 432 A.2d 985 (1981). In *Mazzie,* our Supreme Court explained: "This Court has engaged in greater scrutiny of mandatory injunctions and has often stated that they should be issued more sparingly than injunctions that are merely prohibitory. Thus, in reviewing the grant of a mandatory injunction, we have insisted that a clear right to relief in the plaintiff be established." *Id.* at 134, 432 A.2d at 988.

sought. However, it contends this case falls within an exception to the mootness doctrine because it is capable of repetition yet evading review and it also concerns a public policy question of great public importance. DOC further argues a court of common pleas lacks jurisdiction to grant mandamus or injunctive relief against DOC and its Secretary because jurisdiction over those parties is vested exclusively in this Court. As a final point, DOC asserts it is against public policy to permit an inmate to direct his own medical care through *ex parte* proceedings.

In its appeal, PHS argues Chruby did not establish a clear right to relief before common pleas because DOC and PHS transported him to Conemaugh Hospital, a tertiary care facility, the day before he filed his Motion as well as the day he filed his Motion, but Chruby refused treatment at any facility other than UPMC—Shadyside. Also, PHS asserts the doctrine of *lis pendens* should bar Chruby from obtaining relief here based on the pendency of a prior action Chruby filed seeking injunctive relief in the U.S. District Court for the Middle District of Pennsylvania in *Chruby v. Department of Corrections, et al.,* Dkt. No. 09–CV01641. PHS further contends, although technically moot, this appeal is properly before this Court because Chruby's request for an *ex parte* temporary injunction is capable of repetition yet evading review.

### III. Discussion

#### A. Form of Injunction/Appealability of Order

##### 1. Form of Injunction

■ By way of initial clarification regarding the form of injunctive relief granted by common pleas here, we note:

> Pennsylvania does not recognize temporary restraining orders. *Blooming-*

*dale's by Mail Ltd. v. Dep't of Revenue,* 513 Pa. 149, 153, 518 A.2d 1203, 1205 n. 3 (1986); *E. Stroudsburg Univ. v. Hubbard,* 140 Pa.Cmwlth. 131, 591 A.2d 1181 (1991). Our functional equivalent is the preliminary injunction granted without notice to the adverse party. *Bloomingdale's by Mail Ltd. ...*

■ Rule 1531(a) provides, with added emphasis:

> A court shall issue a preliminary or special injunction only after written notice and hearing *unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice.* In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

As the Rule imparts, a court may issue a preliminary injunction only after written notice and a hearing; however, an exception is made where the common pleas court finds the applicant will suffer immediate and irreparable injury "before notice can be given or a hearing held." *Id.;* cf. *Com. ex. rel. Davis v. Van Emberg,* 464 Pa. 618, 347 A.2d 712 (1975) (where party failed to demonstrate immediate and irreparable harm, preliminary injunction invalid in absence of notice and hearing); *In re D.G., Jr.,* 894 A.2d 1290 (Pa.Super.2006) (same); 15 *Standard Pennsylvania Practice* § 83.359 (2005 ed.).

*Greater Nanticoke Area Educ. Ass'n v. Nanticoke Area Sch. Dist.,* 938 A.2d 1177, 1181–82 (Pa.Cmwlth.2007).

Here, in its 1925(a) Opinion, common pleas stated:

In granting [Chruby's] request for a temporary injunction the court acted upon the averment in the petition that Chruby was suffering from a life-threatening sepsis infection and was in imminent danger of death. That the level of care necessary in light of [Chruby's] condition was the subject of previous litigation resulting in a settlement agreement lent credence to the allegation that [Chruby] was gravely ill. The court accepted the allegation that [Chruby's] medical condition was severely compromised for the limited purpose of issuing the temporary order. . . .

Tr. Ct., Slip Op., 4/7/10 at 4.

■ Thus, Pa. R.C.P. No. 1531(a) authorized common pleas to issue an *ex parte* preliminary injunction where it appeared to the court's satisfaction that Chruby would suffer immediate and irreparable injury before a full hearing could be held.

### 2. Appealability of Decree

■ With regard to whether the decree granting an *ex parte* preliminary injunction is appealable, in *Greater Nanticoke* we explained:

Appellate Rule 311(a)(4) affords . . . an appeal [from an order granting a preliminary injunction] as of right. In particular, Pa. R.A.P. 311(a)(4) provides, with added emphasis:

An appeal *may be taken as of right* and without reference to Pa. R.A.P. 341(c) from:

. . .

(4) *Injunctions.* An order granting, continuing, modifying, refusing or dissolving *injunctions,* or refusing to dissolve or modify injunctions. . . .

Thus, the clear language of Pa. R.A.P. 311(a)(4) grants . . . the right of an immediate appeal. . . .

*Greater Nanticoke,* 938 A.2d at 1182 (emphasis in original). Therefore, the decree granting Chruby's request for *ex parte* preliminary injunctive relief is appealable as of right under Pa. R.A.P. 311(a)(4). As such, DOC and PHS could properly file an appeal.[3]

### B. Mootness

Chruby maintains the appeals filed by DOC and PHS are moot because the common pleas court's decree granting *ex parte* preliminary injunctive relief expired, and Chruby already obtained the treatment required by that decree. Thus, he asserts, we should dismiss the appeals.

DOC and PHS acknowledge this case is technically moot because Chruby already received the medical care he sought; however, they assert this case falls within the "great-public-importance" or "capable-of-repetition-yet-evading-review" exceptions to the mootness doctrine.

■ "A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Commonwealth v. Nava,* 966 A.2d 630, 632–33 (Pa.Super.2009). Stated differently, "[a]n issue before a court is moot if in ruling upon the issue the court cannot enter an

---

**3.** In its 1925(a) Opinion, common pleas indicated that the filing of the appeals by DOC and PHS divested it of jurisdiction to proceed beyond the *ex parte* preliminary injunction stage. As explained above, however, Pa. R.A.P. 311(a)(4) permits an appeal as of right from an order granting a preliminary injunc-

tion. Further, by virtue of Pa. R.A.P. 311(h), an appeal from such an order does *not* divest the trial court of jurisdiction to proceed further with the underlying case. *See* 20A G. Ronald Darlington et al., Pennsylvania Appellate Practice § 1701:13 (2009–2010 ed.)

order that has any legal force or effect." *Id.* at 633. Cases presenting mootness problems are those that involve litigants who clearly had standing to sue at the outset of the litigation. "The problems arise from events occurring after the lawsuit has gotten underway—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the outcome. The mootness doctrine requires that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *In re Gross,* 476 Pa. 203, 382 A.2d 116 (1978) (quoting G. Gunther, *Constitutional Law* 1578 (9th Ed. 1975)).

■ This Court will not decide moot questions. Pa. R.A.P. 1972(4). Exceptions to this principle are made where (1) the conduct complained of is capable of repetition yet likely to evade review, (2) the case involves issues important to the public interest, or (3) a party will suffer some detriment without the court's decision. *Sierra Club v. Pa. Pub. Util. Comm'n,* 702 A.2d 1131 (Pa.Cmwlth.1997), *aff'd,* 557 Pa. 11, 731 A.2d 133 (1999).

■ Here, we agree with the parties that this case is technically moot because Chruby received the care requested based on common pleas' grant of preliminary injunctive relief and because the decree granting such relief dissolved by operation of law. *See* Pa. R.C.P. 1531(d). Nevertheless, we believe this appeal falls within an exception to mootness on the ground that DOC and PHS would suffer detriment without a decision from this Court.

More particularly, because Chruby sought an *ex parte* preliminary injunction, which may be granted without notice to a defendant, DOC and PHS would suffer harm if we did not review this matter because their rights were impacted by entry of the decree, and they were not given an opportunity to respond prior to entry of the decree.[4] In its brief to this Court, DOC asserts this is the *"fifth* time" Chruby sought *ex parte* relief in a common pleas court. Petitioner DOC's Br. at 9 (emphasis in original). In each instance where Chruby obtained relief, DOC asserts, it "was faced with the choice of ignoring an order where it had no chance to respond, at the risk of facing contempt, or complying with the order at its own expense for the transport and, thereby, mooting out the case so it could not challenge the order." *Id.*

By operation of Pa. R.C.P. No. 1531(d), generally, a decree granting a preliminary injunction without notice to a defendant is deemed dissolved unless a hearing is held within five days after the granting of the injunction. Thus, if we declined to review this matter, Chruby could continue to seek *ex parte* relief in this and other actions, and DOC and PHS would not have an opportunity to respond until after entry of a decree. In such future circumstances, as in the past five episodes, the defendants will have no meaningful opportunity to be heard before a decree is entered. As a result, we believe DOC and PHS will suffer detriment without a decision from this Court; therefore, we will review this matter.

---

4. In the Statement of the Case section of his brief, Chruby asserts that before he filed his Complaint and Motion with common pleas, copies of these documents were faxed to counsel for DOC and PHS. In support, Chruby attached to his brief an exhibit which purportedly shows he faxed these filings to DOC and PHS at 4:42 p.m. on February 22, 2010. Appellee's Br., Ex. C. As DOC points out in its reply brief, however, the decree granting Chruby's Motion was faxed to DOC's counsel at 5:19 p.m. on the same date, just 37 minutes later. Appellant DOC's Br., Ex. B. As DOC asserts, clearly there was insufficient time for DOC to meaningfully respond prior to entry of the decree.

## C. Jurisdiction

■ As to the merits, DOC asserts common pleas lacked jurisdiction to consider preliminary injunctive relief because original jurisdiction over a matter in which DOC is a party is vested exclusively in this Court. See 42 Pa.C.S. § 761.

In a footnote, DOC further asserts it has not been established whether it or its Secretary are "indispensable parties" for purposes of our original jurisdiction. However, DOC contends, where, as here, an inmate is incarcerated in one county (Somerset) and the court adjudicating the matter is in another county (Delaware) and where the medical facts giving rise to the claim have no connection to a correctional institution in the adjudicating county, DOC or its Secretary are indispensable. If not, DOC contends, Chruby could have filed this matter in the Court of Common Pleas of Somerset County (in which SCI—Laurel Highlands is situated).

■ The issue of subject matter jurisdiction is a question of law subject to our plenary review. *ARIPPA v. Pa. Pub. Util. Comm'n*, 966 A.2d 1204 (Pa.Cmwlth. 2009) (*en banc*).

Pursuant to Section 761(a)(1) of the Judicial Code, the Commonwealth Court shall have original and exclusive jurisdiction over civil actions against the Commonwealth government, with specified exceptions not relevant here. 42 Pa.C.S. § 761(a)(1).

In *Ballroom, LLC v. Commonwealth*, 984 A.2d 582 (Pa.Cmwlth.2009), this Court explained:

[I]t is well settled that merely naming the Commonwealth or a Commonwealth party as one of several defendants does not necessarily establish this Court's original jurisdiction under Section 761. This Court has original jurisdiction in a suit against a Commonwealth party and non-Commonwealth parties only when the Commonwealth party is indispensable.

In general, an indispensable party is one whose interests are so connected with the litigant's claim that no relief can be granted without infringing upon that party's rights. A Commonwealth party may be declared an indispensable party when meaningful relief cannot conceivably be afforded without the Commonwealth party's direct involvement in the action.

*Id.* at 587–88 (citations omitted).

Here, DOC is an indispensable party. Chruby's request for injunctive relief is based on DOC's alleged breach of the Settlement Agreement, which, purportedly required DOC and PHS to transport Chruby to UPMC—Shadyside when he presented with an acute kidney stone episode or pyelonephritis. Compl. at ¶ 18. Chruby sought an order requiring DOC and PHS to immediately transport him to UPMC—Shadyside for medical treatment, enjoining DOC and PHS from taking him to any medical facility other than UPMC—Shadyside for medical treatment, and directing DOC and PHS to fully comply with all terms and conditions of the Settlement Agreement. Compl. at p. 10. Based on Chruby's factual allegations and requested relief, it is clear that meaningful relief cannot be afforded without DOC's direct involvement. Because DOC is an indispensable party, this matter falls within this Court's exclusive original jurisdiction. *See, e.g., Saunders v. Dep't of Corr.*, 749 A.2d 553 (Pa.Cmwlth.2000) (mandamus action against DOC is properly within this Court's original jurisdiction). In turn, common pleas lacked jurisdiction to enter an order granting Chruby's request for preliminary injunctive relief against DOC. Thus, we must vacate the common pleas court's order.

### D. Remedy

With regard to the appropriate disposition of these appeals, because original jurisdiction lies in this Court, we direct the common pleas court to transfer this matter to this Court. *See Tallada v. E. Stroudsburg Univ. of Pa. of State Sys. of Higher Educ.*, 724 A.2d 427 (Pa.Cmwlth.1999) (transferring contract claim, which was originally filed with a court of common pleas, to the Board of Claims pursuant to 42 Pa.C.S. § 5103, where this Court determined the claim fell within the Board of Claims' original jurisdiction).

Accordingly, we vacate the common pleas court's order, and we direct that the common pleas court transfer this matter to this Court's original jurisdiction. Appellants/Defendants DOC and PHS are directed to file responsive pleadings within 30 days of notice of the receipt by the Chief Clerk of this Court of the transferred file.[5]

### ORDER

**AND NOW**, this 19th day of August, 2010, the order of the Court of Common Pleas of Delaware County is **VACATED**. The Court of Common Pleas of Delaware County is directed to transfer this matter to this Court's original jurisdiction. Appellants/Defendants Department of Corrections and Prison Health Services, Inc. are directed to file responsive pleadings within 30 days of notice of the receipt by the Chief Clerk of this Court of the transferred file.

---

**5.** Based on our disposition of these appeals, we need not now address the remaining issues raised by the parties.