Jack **BUTLER**, James Lyons
and Mary Jo Takacs

v.

**INDIAN LAKE BOROUGH.**

Appeal of: James Lyons and
Mary Jo Takacs.

Jack Butler, James Lyons
and Mary Jo Takacs

v.

Indian Lake Borough, Appellant.

Commonwealth Court of Pennsylvania.

Argued Nov. 9, 2010.

Decided Jan. 20, 2011.

Reargument Denied March 23, 2011.

Robert P. Ging, Jr., Confluence, for appellants.

Daniel W. Rullo, Somerset, for appellee.

BEFORE: COHN JUBELIRER, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

James Lyons and Mary Jo Takacs (together, Property Owners) appeal at 2186

C.D. 2009 from two October 26, 2009, orders of the Court of Common Pleas of Somerset County (trial court), which granted summary judgment to Indian Lake Borough (Borough) and dismissed Property Owners' appeal challenging the decision of Indian Lake Borough Council (Council) to grant a commercial boat dock easement to St. Clair Resort Development, LLC (St. Clair).[1] The Borough appeals at 2304 C.D. 2009 from both orders to the extent they find that the Borough violated the Sunshine Act.[2] We affirm.

On August 8, 2007, Council conducted a regularly scheduled meeting, with nineteen members of the public attending. Council's agenda indicated that, once Council went into executive session, there would be no further agenda items. Thus, when the executive session was called, the public left. After the executive session, Council went back into regular session and voted to grant a boat dock easement to St. Clair.

Property Owners filed an appeal with the trial court, asserting that Council violated the Sunshine Act and section 1201(4) of the Borough Code[3] in granting the easement. On August 26, 2009, the trial court found that Council violated the Sunshine Act, but the trial court gave Council sixty days to remedy the violation. At Council's next regularly scheduled meeting on September 9, 2009, Council again voted to grant the easement. The trial court subsequently found that: (1) Property Owners lacked standing to appeal the granting of the easement to St. Clair;[4] (2) Council did not violate section 1201(4) of the Borough Code in granting the easement; and (3) Council remedied the Sunshine Act violation. Both parties now appeal to this court.[5]

### I. Property Owners' Appeal

■ Property Owners argue that the trial court erred in concluding that Mary Jo Takacs, one of the Property Owners,[6]

---

**1.** The Borough owns in fee all land underlying Indian Lake. The commercial boat dock easement provides, in pertinent part, as follows:

1. Borough hereby grants and conveys to St. Clair an easement extending into the pool of Indian Lake. . . .

2. St. Clair shall have the use of the easement for the purposes of constructing and erecting commercial boat docks adjacent to its property as described above which easement shall inure to the benefit of St. Clair, its successors and assigns.

3. St. Clair hereby agrees to indemnify, defend and save harmless Borough of and from any and all claims . . . arising directly and/or indirectly, out of the use of the docks within said easement area, including reasonable attorney's fees.

4. St. Clair shall be solely responsible for the repair, maintenance and upkeep of the docks erected within said easement area.

(R.R. at 65a–67a.)

**2.** 65 Pa.C.S. §§ 701–716.

**3.** Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 46201(4). Section

1201(4) of the Borough Code provides, in part, that a borough may "convey, by sale or lease, such real . . . property as shall be deemed to be to the best interest of the borough," subject to certain restrictions. 53 P.S. § 46201(4).

**4.** The trial court concluded that Property Owners lacked standing because: (1) the interest they assert is the interest of all recreational users of the lake; (2) they have no legitimate entitlement to use the entire lake for recreation; and (3) the harm to their interest in using the lake for recreation is *de minimis*. (Trial Ct. Op. at 12–13.)

**5.** Our scope of review is limited to determining whether there has been an error of law or a manifest abuse of discretion. *Jones v. Clearfield Area School District*, 134 Pa.Cmwlth. 288, 578 A.2d 612, 613 (1990).

**6.** Property Owners obviously concede that James Lyons and Jack Butler lacked standing to challenge the easement.

lacked standing to challenge the boat dock easement. We disagree.

■ Section 752 of the Local Agency Law states that a person "aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom...." 2 Pa.C.S. § 752. A person has a direct interest in the adjudication of a governmental agency if the person is able to show that the adjudication causes harm to an interest of the person, i.e., that the claimed harm to the interest can be said to have resulted in some concretely demonstrable way from the adjudication. *Nernberg v. City of Pittsburgh*, 153 Pa.Cmwlth. 219, 620 A.2d 692, 695 (1993).

Property Owners argue that Takacs is the owner of lakefront property immediately adjacent to the St. Clair property and that the commercial boat dock easement encroaches on her riparian rights. (Takacs' Brief at 13–14.) In making this argument, Property Owners rely on the Commercial Boat Dock Easement Plan (Plan) attached to the easement. (R.R. at 29a.) The Plan indicates that Takacs is the owner of Lot 224, which is separated from St. Clair's property by Lot 224A. (*Id.*) Although Property Owners assert that Takacs also owns Lot 224A, the Plan does not identify the owner of Lot 224A. (*Id.*) Thus, Property Owners' assertion, and argument, is not supported by the record.

Moreover, Property Owners do not allege in their Notice of Appeal to the trial court that Takacs is the owner of property immediately adjacent to St. Clair's property or that the commercial boat dock easement encroaches on her riparian rights. Indeed, the three individuals who filed the Notice of Appeal only allege, collectively, that they are recreational users of the lake and that, because the boat dock would extend seventy feet into the lake, they would be deprived of the use of that portion of the lake for boating. (Notice of Appeal, ¶¶ 1, 38–39, R.R. at 8a, 13a–14a.) Property Owners do not argue here that the trial court erred in concluding that such allegations fail to confer standing on them.

## II. Borough's Appeal

■ The Borough argues that the trial court erred in concluding that Council violated the Sunshine Act when it initially granted the boat dock easement to St. Clair on August 8, 2007.

Preliminarily, we note that, in its October 26, 2009, order, the trial court ultimately concluded that the Sunshine Act issue was moot because Council cured the violation on September 9, 2009. A case is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy. *Chruby v. Department of Corrections*, 4 A.3d 764, 770–71 (Pa.Cmwlth. 2010). This court will not decide moot questions. *See* Pa.R.A.P. 1972(4) (stating that any party may move to dismiss for mootness). However, this court will make an exception where: (1) the conduct complained of is capable of repetition yet likely to evade review; (2) the case involves issues important to the public interest; or (3) a party will suffer some detriment without the court's decision. *Chruby*, 4 A.3d at 771.

The Borough asks that this court to make an exception and address the Sunshine Act issue for the following reason:

Allowing the trial court's decision to stand and invalidating actions taken in an open and public session merely because residents have left the meeting following an executive session would have a chilling effect upon any actions taken following an executive session if

the public does not remain until adjournment.

(Borough's Brief at 30.) The Borough's "chilling effect" argument suggests that the Borough believes this case falls within the exception for issues important to the public interest. However, the only Sunshine Act argument presented by the Borough in its brief is that Property Owners waived the issue decided by the trial court. If we were to agree with the Borough that the "important" issue with the "chilling effect" was waived, then we would not address the merits of that issue. In other words, our holding would affect this case, but no other. Because we are not asked to address the merits of the "important" issue, our holding would have no public interest. Thus, the important issue exception does not apply.

 Even if we were to conclude otherwise, the issue before the trial court was whether Council violated section 708(b) of the Sunshine Act by failing to announce at the August 8, 2007, open meeting the reason for holding an executive session.[7] The trial court held that it was not sufficient for Council to merely indicate that it was going into executive session to address potential litigation; Council was required to identify the subject of the litigation. (Trial Ct. Op. at 5.) We find no error in the trial court's holding. *See Reading Eagle Company v. Council of Reading*, 156 Pa. Cmwlth. 412, 627 A.2d 305, 308 n. 9 (1993) (stating that, when an executive session is called to discuss identifiable complaints or threatened litigation, the Sunshine Act re-

quires that the general nature of the complaint be announced).

Accordingly, we affirm.

### ORDER

AND NOW, this *20th* day of *January*, 2011, the orders of the Court of Common Pleas of Somerset County, dated October 26, 2009, are hereby affirmed.

---

7. 65 Pa.C.S. § 708(b). Section 708(b) of the Sunshine Act provides as follows:

**(b) Procedure.**—The executive session may be held during an open meeting or at the conclusion of an open meeting or may be announced for a future time. **The reason for holding the executive session must be announced** at the open meeting occurring immediately prior or subsequent to the ex-

ecutive session. If the executive session is not announced for a future specific time, members of the agency shall be notified 24 hours in advance of the time of the convening of the meeting specifying the date, time, location and purpose of the executive session.

65 Pa.C.S. § 708(b) (emphasis added).