# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

T. Michael Haugh and Linda S.     :
Haugh,     :
             Petitioners     :
    :
             v.     :    No. 1985 C.D. 2016
    :    Argued: September 11, 2017
Pennsylvania Liquor Control Board,     :
             Respondent     :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE JOSEPH M. COSGROVE, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**           **FILED: October 4, 2017**


       T. Michael Haugh and Linda S. Haugh (together, the Haughs) appeal[1] from the July 20, 2016 Order of the Pennsylvania Liquor Control Board (Board), which, following a hearing, granted a one-year exemption from Section 493(34) of the Liquor Code[2] (Code) to Oxford Township (Township) pursuant to Section 493.1 of

---

[1] The Haughs initially filed an appeal with the Court of Common Pleas of Adams County, which transferred that appeal to this Court. We will treat the Haughs' appeal as a petition for review in our review.

[2] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 4-493(34). Section 493(34) provides:

> Notwithstanding any law or regulation to the contrary, a licensee may not use or permit to be used inside or outside of the licensed premises a loudspeaker or similar

device whereby the sound of music or other entertainment, or the advertisement thereof, can be heard beyond the licensee's property line; however, any licensee that is located in an area which is subject to an exemption from the board's regulation regarding amplified music being heard off the licensed premises shall be exempt from compliance with this paragraph until the expiration of the board's order granting the exemption. The board's regulation regarding amplified music being heard off the licensed premises is otherwise superseded by this paragraph.

*Id.*

the Code.[3]  The exemption authorizes Township to apply and enforce its own noise

ordinance[4] (Ordinance) to the licensed premises at issue, Scozzaro Enterprises, Inc.

---

[3] Added by Section 8 of the Act of October 5, 1994, *as amended*, 47 P.S. § 4-493.1.  This section states, in relevant part:

> (a) Nothing in this act shall be construed to preempt the right of any municipality to regulate zoning and enforce any other local ordinances and codes dealing with health and welfare issues.

> (b) A municipality may file a petition with the board for an exemption from section 493(34) of this act for all the licensees within an identifiable area in the municipality.  Prior to submitting a petition, the municipality shall adopt a local noise ordinance and a resolution adopted by its governing body confirming support of the petition, citing the noise ordinance and its intention to enforce the ordinance in place of section 493(34) of this act.  Upon receipt of a petition, including a copy of the noise ordinance, a map of the area to be exempted and resolution, the board shall hold at least one (1) public hearing on the petition.  The hearing may be held before a hearing examiner.  The hearing shall take place within the identified area and must comply with the notice, recording and public participation requirements of 65 Pa.[ ]C.S. Ch. 7 (relating to open meetings).  Within sixty (60) days after receipt of the petition, the board shall disapprove the petition for an exemption in its entirety or may approve an area more limited for which the exemption will be granted if the board finds that granting the petition shall have an adverse effect on the welfare, health, peace and morals of the residents living in the vicinity of the identified area; otherwise, the board shall approve the petition.  The board may place additional conditions on its approval such as limiting the duration of the approval and any other condition the board deems appropriate.  There shall be a right to appeal to the court of common pleas in the same manner as provided by this act for appeals from refusals to grant licenses.

47 P.S. § 4-493.1(a), (b).  *See also* 40 Pa. Code § 5.36 (setting forth the Board's regulations regarding "Municipal noise ordinances").  This is Township's third exemption pursuant to Section 493.1(b) with the first two running from December 16, 2009 to January 1, 2012, and from June 19, 2013 to June 19, 2016, respectively.  While the Haughs were aware of the prior exemptions, Mr. Haugh claimed not to have been given notice of the prior petitions.  The Board held that, despite Mr. Haugh's claim, it "followed the same statutory procedure for providing notice of the public hearing relative to each of [Township's] noise exemption petitions."  (Board Op. at 20 n.4.)

[4] The Ordinance prohibits, *inter alia*, the creation, continuance, maintenance, or permitting to exist any noise nuisance defined as

t/a Scozzaro's Old Mill Inn (Scozzaro's). Scozzaro's, which is located approximately 500 to 700 feet away from the Haughs' residence, hosts outdoor music and entertainment events between mid-May and Labor Day. Absent the exemption, Scozzaro's would be subject to Section 493(34) of the Code, which prohibits the use of any amplifier through which the sound of music or entertainment "can be heard beyond the licensee's property line." 47 P.S. § 493(34). Based on the evidence presented at the hearing,[5] the Board concluded the record failed to show

> any use of property, or conduct, or activity, or condition within Oxford Township which shall cause a result in noise creating annoyance or discomfort beyond the boundaries of such property which disturbs a reasonable person of normal sensitivities, taking into consideration the location of the use or condition and the nature and condition of the surrounding neighborhood. Specifically, the word nuisance shall include . . . the following:
>
> (1) Operating or permitting the operation of or playing of . . . amplifiers, musical instruments and other sound devices which produces or amplifies sound which annoys a reasonable person of normal sensitivities.

(R.R. at 149a.)

[5] At the hearing, Scozzaro's owner and various witnesses in support of the exemption testified about Scozzaro's attempts to comply with the Ordinance by keeping the volume at events as low as possible, by closing the outdoor deck by 11:00 p.m., and by responding immediately to any complaints received from neighbors by lowering the volume. Scozzaro's owner stated that he never received any citations for noise violations. Other neighboring property owners, located immediately across the street from or next to Scozzaro's, stated that they rarely heard any noise from the events and, if they did, they contacted Scozzaro's and the volume was immediately lowered. Various Township officials, including a Supervisor, the Zoning and Code Enforcement Officer, and a Police Officer from the Eastern Adams Regional Police Department (EARP) testified that this was not a problem or nuisance bar, there were very few noise complaints in the **seven years** the exemption had been in place, and, when there was a complaint, either the Code Officer or EARP officers responded and investigated. On these occasions, it was determined that no violation of the Ordinance had occurred. The EARP officer testified that, if he was called to investigate a complaint made by the Haughs, who reside in a municipality not within EARP's jurisdiction, he nonetheless would go to their residence to investigate if time allowed. The Haughs and their neighbor stated that they could not use or enjoy their properties, which are located

4

that approval of Township's petition "would have an adverse effect on the welfare, health, peace, and morals of the residents in the vicinity of the proposed exempted area."[6] (Board Op., Conclusion of Law (COL) ¶ 4.) In recognition of the Haughs' concerns, the Board limited the exemption period to one year. (Board Op. at 20-21.)

The Haughs, who did not intervene in the proceedings on Township's petition,[7] appealed to the Court of Common Pleas of Adams County (common pleas) on August 18, 2016. The Board filed a motion to dismiss or, alternatively, to transfer the matter to this Court asserting the Haughs did not have the right to appeal to common pleas under Sections 493.1 or 464 of the Code, 47 P.S. §§ 4-464, 4-493.1. Common pleas concluded it lacked jurisdiction and transferred the appeal to this Court.

---

approximately 500 to 700 feet from Scozzaro's, due to the noise and feeling of the bass. Mr. Haugh testified that he had called EARP about the music, but did not believe EARP would investigate any noise complaint from him because he lived outside of its jurisdiction. The Board found credible the testimony that Township and EARP are competent and capable of enforcing the Ordinance in the proposed exemption area as evidenced by their past investigations of noise complaints and that Township's Zoning and Code Enforcement Officer and the EARP officer would visit the Haughs' home if necessary to determine if a violation was occurring. (Board Op. at 19-20.)

[6] The hearing examiner recommended that the Board deny the exemption.

[7] Pursuant to the Board's regulations, intervention in an application for an exemption under Section 493.1(c) of the Code requires a petitioner to demonstrate that the petitioner:

> has a substantial, direct and immediate interest in the outcome of the proceeding. For an interest to be substantial, it means that there is some discernible adverse effect to the petitioner's individual interest. For the petitioner to have a direct interest, it means that the person claiming to be aggrieved must show the harm to his interest would be caused by the municipality's enforcement of its own noise ordinance. An immediate interest means that there is a close causal connection between the alleged injury and the grant of the exemption.

40 Pa. Code § 17.15(c).

Before this Court, the Haughs argue common pleas has jurisdiction to consider their timely-filed appeal, and, if this Court has jurisdiction, the Board erred and abused its discretion in granting the exemption to Township because the exemption has "an adverse effect on the welfare, health, peace and morals of the residents living in the vicinity of [Scozzaro's]." (The Haughs' Br. at 14.) The Board responds that: this Court has jurisdiction because the Haughs' appeal rights arise, not from the Code, but from Section 702 of the Administrative Agency Law, 2 Pa. C.S. § 702;[8] the July 20, 2016 Order from which the Haughs' appeal has expired rendering the appeal moot; and it acted within its discretion in granting the exemption. In light of its arguments, the Board has filed with this Court a Motion to Dismiss Appellants' Appeal as Moot (Motion to Dismiss). Thus, at issue for our consideration are: whether this Court or common pleas has jurisdiction over this appeal at this time; whether the appeal is now moot because the Order and exemption have expired; and if we do have jurisdiction and the appeal is not moot, whether the Board erred or abused its discretion in granting Township an exemption under Section 493.1(b) of the Code.[9] Before considering whether the Board erred or abused its discretion in granting Township the exemption, we will address the two threshold questions.

## I. Jurisdiction

---

[8] Section 702 of the Administrative Agency Law provides that "[a]ny person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 2 Pa. C.S. § 702.

[9] Township intervened in the Haughs' appeal to this Court, but was precluded from participating due to its failure to file a brief.

The Haughs argue that this appeal was properly before common pleas and should not have been transferred. They assert they had standing to appeal the Board's Order pursuant to Section 404 of the Code, 47 P.S. § 4-404. (The Haughs' Br. at 11 (citing *Fisher v. Pa. Liquor Control Bd.*, 500 A.2d 218, 219 (Pa. Cmwlth. 1985); *Application of Gismondi*, 186 A.2d 448, 451 (Pa. Super. 1962)).) Thus, the Haughs contend, the Order is "appealable" under the Code and common pleas has jurisdiction pursuant to Section 933(a)(1)(v) of the Judicial Code, 42 Pa. C.S. § 933(a)(1)(v). In response, the Board asserts that the appeal of the Order is governed by Sections 493.1(b) and 464 of the Code, 47 P.S. §§ 4-493.1(b), 4-464, and the Haughs cannot, under those provisions, file an appeal to common pleas. Rather, the Board maintains that the Haughs' right to appeal is based on their being persons aggrieved by the Board's Order, which makes the Order appealable to this Court pursuant to Section 702 of the Administrative Agency Law.

Section 933(a)(1)(v) of the Judicial Code addresses the jurisdiction of common pleas courts and provides, in relevant part, that those courts shall have jurisdiction of appeals from "[d]eterminations of the . . . Board **appealable under . . . the Liquor Code**, except matters appealable under section 433, 444 or 710 of the [Code]. Except as otherwise prescribed by general rules, the venue of such matters shall be as provided in the [Code]." 42 Pa. C.S. § 933(a)(1)(v) (emphasis added). Section 763 of the Judicial Code relates to this Court's jurisdiction and states, in relevant part, that:

> **(a) General rule.--**Except as provided in subsection (c), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies in the following cases:
>
> (1) All appeals from Commonwealth agencies under Subchapter A of Chapter 7 of Title 2 [(the Administrative Agency Law)] (relating to judicial review of Commonwealth agency action) or

7

otherwise and including appeals from the Board of Claims, the Environmental Hearing Board, the Pennsylvania Public Utility Commission, the Unemployment Compensation Board of Review and from any other Commonwealth agency having Statewide jurisdiction.

. . . .

**(c) Exceptions.--**The Commonwealth Court shall not have jurisdiction of such classes of appeals from government agencies as are:

. . . .

(2) By section 933 (relating to appeals from government agencies) within the exclusive jurisdiction of the courts of common pleas.

42 Pa. C.S. § 763(a)(1), (c)(2).

The Haughs argue they have standing to appeal the Order under Section 404 of the Code, which is not one of the exceptions listed in Section 933(a)(1)(v) of the Judicial Code, thereby making the Order "appealable under . . . the Liquor Code" and giving common pleas jurisdiction. 42 Pa. C.S. § 933(a)(1)(v). Section 404 relates to the "[i]ssuance, transfer or extension of hotel, restaurant and club liquor licenses." 47 P.S. § 4-404. However, the Order at issue was issued pursuant to Section 493.1(b), not Section 404 of the Code, and, therefore, the Haughs' reliance on Section 404 is misplaced.

Section 493.1(b) **specifically** states that "[t]here shall be a right to appeal [orders issued under this section] to the court of common pleas **in the same manner as provided by this act for appeals from refusals to grant licenses**." 47 P.S. § 4-493.1(b) (emphasis added). "[A]ppeals from refusals to grant licenses," *id.*, are governed by Section 464, which provides, in pertinent part, that:

any **applicant** who has appeared at any hearing . . . who is aggrieved by the refusal of the board to issue any such license or to renew or transfer any such license . . . may appeal, or **any church, hospital,**

8

**charitable institution, school or public playground located within three hundred feet of the premises applied for, aggrieved** by the action of the board in granting the issuance of any such license or the transfer of any such license, may take an appeal limited to the question of such grievance, within twenty days from date of refusal or grant, to the court of common pleas of the county in which the premises or permit applied for is located.

47 P.S. § 4-464 (emphasis added). The Haughs are not an aggrieved applicant or a "church, hospital, charitable institution, school or public playground located within three hundred feet of the premises applied for," *id*. They therefore do not fall within the categories referenced in Section 464. Individuals or organizations that do not fall within these categories do not have standing to appeal to common pleas under Section 464.[10] *Burns v. Rebels, Inc.*, 779 A.2d 1245, 1249 (Pa. Cmwlth. 2001); *Teazers, Inc. v. Pa. Liquor Control Bd.*, 661 A.2d 455, 457-58 (Pa. Cmwlth. 1995). Because the right to appeal to common pleas under Section 493.1(b) is the same as Section 464, the Haughs cannot appeal the Board's grant of the exemption under Section 493.1(b) to common pleas. As such, the Board's Order is not a "[d]etermination[] of the . . . Board **appealable under . . . the Liquor Code**," over which common pleas has exclusive jurisdiction pursuant to Section 933(a)(1)(v) of the Judicial Code, 42 Pa. C.S. § 933(a)(1)(v) (emphasis added).

Instead, the Haughs' appeal rights arise under Section 702(a) of the Administrative Agency Law, and Section 763(a)(1) of the Judicial Code, 42 Pa. C.S. § 763(a)(1). The Haughs "may appeal an adverse Board decision directly to this Court under Section 702 of the Administrative Agency Law, 2 Pa.[]C. S. § 702." *Burns*, 779 A.2d at 1249. In order to do so, the individual or organization

---

[10] This is true even if they intervene in the application process as permitted by 40 Pa. Code §§ 17.12, 17.13. *Burns v. Rebels, Inc.*, 779 A.2d 1245, 1249 (Pa. Cmwlth. 2001).

9

must demonstrate that they are aggrieved; in other words, they must have a direct and substantial interest in the adjudication and must show a sufficiently close causal relation between the decision and their asserted injury to qualify their interest as immediate.

*Id.* (citing *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 286 (Pa. 1975)). The Board does not dispute that the Haughs meet the "aggrievement" standard described in *Burns* to file an appeal under Section 702 of the Administrative Agency Law and, accordingly, this Court, not common pleas, has jurisdiction over the Haughs' appeal.

## II. Motion to Dismiss

The Board asserts, in its Motion to Dismiss, that the Haughs' appeal is moot because the exemption they appealed expired "on July 20, 2017 at 2:00 a.m." (Motion to Dismiss ¶ 4.) Because the exemption expired, the Board argues this Court cannot grant the relief requested. The Board notes that a hearing was held on a subsequent petition for exemption filed by Township for the same area, Scozzaro's, and, on July 19, 2017, it granted Township a five-year exemption from Section 493(34). (Motion to Dismiss at 1 n.1.)

The Haughs respond that their appeal is not moot because "[i]n order to dismiss an appeal pursuant to" Pennsylvania Rule of Appellate Procedure 1972(a)(4), Pa. R.A.P. 1972(a)(4), "the issue must be moot at all stages of the appeal" and the issue they raise, the propriety of granting Township an exemption, whether for one year or five years, remains a controversy unresolved. (The Haughs' Br. in Opposition to Motion to Dismiss Appeal as Moot at 1, 5.) They acknowledge that, subsequent to the filing of their appeal, the Board approved a five-year exemption for Township on July 19, 2017. The Haughs contend they should not

10

have to "incur the cost and expense of restarting the entire appeal process" simply because the Board turned the one-year exemption into a five-year exemption. (*Id.* at 2.) Alternatively, the Haughs argue that, even if their appeal is moot, all of the exceptions to Rule 1972(a)(4) apply to allow the Court to rule on the merits of their appeal.

Pursuant to Rule 1972(a)(4), "any party may move . . . [t]o dismiss for mootness." Pa. R.A.P. 1972(a)(4). "A case is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Butler v. Indian Lake Borough*, 14 A.3d 185, 188 (Pa. Cmwlth. 2011). "The mootness doctrine requires that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Chruby v. Dep't of Corr.*, 4 A.3d 764, 771 (Pa. Cmwlth. 2010) (quoting *In re Gross*, 382 A.2d 116, 119 (Pa. 1978)). While "[t]his [C]ourt will not decide moot questions," *Butler*, 14 A.3d at 188, there is an exception where: (1) "the conduct complained of is capable of repetition yet avoiding review"; (2) "the case involves questions of great public importance"; or (3) "a party to the controversy will suffer some detriment without the court's decision." *Cnty. Council of Cnty. of Erie v. Cnty. Exec. of Cnty. of Erie*, 600 A.2d 257, 259 (Pa. Cmwlth. 1991).

Here, the Haughs challenge the July 20, 2016 Order, in which the Board granted Township a one-year exemption from Section 493(34) of the Code. (*See* Petition and Notice of Appeal.) Thus, the "controversy" presently before the Court is whether, based on the evidence presented at the June 13, 2016 hearing, the Board erred or abused its discretion in granting the one-year exemption based on its conclusion that the exemption "would [not] have an adverse effect on the welfare, health, peace, and morals of the residents in the vicinity of the proposed exempted

11

area." (Board Op., COL ¶ 4.) The Haughs contend that the exemption should have been denied and the July 20, 2016 Order should be reversed because the Board permitted Township to enforce less-restrictive noise protections than those provided in the Code and disregarded their testimony, as well as the hearing examiner's factual findings, credibility determinations, and recommendation. However, during the pendency of the appeal on these issues, the one-year exemption expired. Because the exemption at issue has expired, there would be no "practical effect," *Butler*, 14 A.3d at 188, if this Court determined that the July 20, 2016 Order granting the expired exemption was issued in error. Although the Haughs argue their appeal is not moot because the Board granted Township a **new** five-year exemption on July 19, 2017, this subsequent order and exemption, issued after a **new** hearing, presumably with a new record, are not at issue in **this** appeal. Accordingly, because no actual controversy related to the July 20, 2016 Order remains, and there would be no practical effect of a determination of this Court related to that Order, the Haughs' appeal is moot.

The Haughs argue that, if their appeal is moot, all of the exceptions to Rule 1972(a)(4) apply to allow this Court to address the appeal. They first assert that the grant of an exemption under Section 493.1 is capable of repetition and likely to evade review if we do not address the issue now. The Haughs analogize their appeal to that of a teachers' union challenging an injunction prohibiting the further use of selective strikes against a school district issued after the strikes were complete, *Wilkes-Barre Area Education Association v. Wilkes-Barre Area School District*, 523 A.2d 1183, 1184-85 (Pa. Cmwlth. 1987), or a school district appealing a trial court's order directing it to allow a suspended student, who was challenging his suspension, to attend his graduation ceremony, *Mifflin County School District v. Stewart*, 503

12

A.2d 1012, 1013 (Pa. Cmwlth. 1986). The Haughs contend the Board could evade judicial scrutiny of its orders simply by granting one-year exemptions, as it did here.

A review of the history of this matter reveals that the Board has usually granted Township multiple year exemptions: two years in 2009, three years in 2012, and, most recently, five years in 2017. Each of these orders would be subject to judicial review if appeals therefrom were filed, and, in fact, the Haughs have petitioned for review of the Board's July 20, 2017 order granting the five-year exemption, which is docketed at 1086 C.D. 2017. Thus, while the orders granting the exemptions are capable of repetition, they are not "likely to evade review," *Chruby*, 4 A.3d at 771, like the orders at issue in *Wilkes-Barre Area Education Association* and *Mifflin County School District*. The most recent order will be reviewed on its record. Moreover, there is nothing in this record to suggest, as the Haughs contend, that the Board sought to avoid judicial review by issuing the one-year exemption here. Rather, in accordance with the discretion granted to it in Section 493.1, the Board limited the duration of the exemption granted on July 20, 2016, to one year due to the Haughs' concerns and to allow Township "the opportunity to exercise its right of local enforcement under [S]ection 493.1, while also giving some reasonable assurance to . . . the Haughs." (Board Op. at 20.) Accordingly, the Haughs' appeal does not fall within the first exception to the mootness doctrine.

The Haughs next assert that there are questions of great public importance, involving the Board granting an exemption under Section 493.1 where the Ordinance to be enforced is less restrictive than the Code, the result impacts the neighbors' enjoyment of their property, and Township is unable to enforce the Ordinance due to the Haughs residing in a different municipality. They maintain that, absent

13

review, these important issues will not be resolved and this Court will not have the opportunity to address them in the future.

"The great public importance exception to the mootness doctrine is rarely invoked by the appellate courts of this jurisdiction." *Cnty. Council of Cnty. of Erie*, 600 A.2d at 259. Cases in which courts have applied this exception include the reconciliation of a statute giving teachers the right to strike and a statute requiring 180 days of instruction, *Jersey Shore Area School District v. Jersey Shore Education Association*, 548 A.2d 1202, 1203 (Pa. 1988), whether the judiciary can direct the registration of thousands of voters who did not timely submit their registration applications, *In re General Election, November 8, 1988*, 560 A.2d 260, 260 (Pa. Cmwlth. 1989), and the increase of fares on commuter rail lines and transit divisions, *Southeastern Pennsylvania Transportation Authority v. Weiner*, 426 A.2d 191, 192 (Pa. Cmwlth. 1981). While we recognize this matter is of great importance to the Haughs, the case before us does not involve a question of similar importance as those in *Jersey Shore Area School District*, *In re General Election*, or *Weiner* that would justify the use of this rare exception to the mootness doctrine. Moreover, as discussed above, the issues asserted by the Haughs are not likely to evade judicial review. Thus, the Haughs' appeal does not fall within the second exception to the mootness doctrine.

Finally, the Haughs argue they will suffer significant detriment if we do not review the Board's grant of the exemption to Township. If the Board's decision stands without review, the Haughs assert it will significantly impact their use and enjoyment of their property. This detriment, according to the Haughs, is similar to that of the licensee in *Commonwealth v. Sal-Mar Amusements, Inc.*, 630 A.2d 1269, 1272 (Pa. Super. 1993), which appealed an order closing it for one year after it was

14

found to be a nuisance bar. That appeal, the Haughs note, was deemed technically moot but, because of the adverse effect the order would have on the bar, the court found the appeal to fall within this exception. Additionally, if the Motion to Dismiss is granted, the Haughs assert they will have to restart the appeal process and continue to endure the conditions created by the new exemption while that appeal is being considered.

In *Sal-Mar Amusements*, the Superior Court reasoned that a bar's appeal should be permitted under this exception because, even though the one-year closure had expired, **the trial court's order** finding the bar a nuisance bar **would continue to impact** the licensee's current liquor license, its record with the Board, and its future "efforts to apply for, extend, and/or maintain a new or existing liquor license." 630 A.2d at 1272. However, while the Haughs may experience a detriment as a result of the Board's Order, it is no different than the detriment experienced by any unsuccessful litigant and is not so significant as to overcome the mootness doctrine. Furthermore, although we understand the Haughs' desire not to incur additional expenses in prosecuting a new appeal, this is not the type of detriment this exception was intended to address.

## III. Conclusion

Because the Board's July 20, 2016 Order is not appealable by the Haughs to common pleas under the Liquor Code, but is appealable by them pursuant to Section 702 of the Administrative Agency Law, this Court has jurisdiction over that appeal. However, because the Haughs' appeal is moot and not subject to any exception to

15

the mootness doctrine, we grant the Board's Motion to Dismiss the Haughs' appeal and dismiss that appeal.[11]

 

_____
**RENÉE COHN JUBELIRER,** Judge

Senior Judge Colins concurs in the result only.

---

[11] Given our conclusion that the present appeal is moot, we will not address the Haughs' arguments regarding the merits of the Board's grant of the exemption.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

T. Michael Haugh and Linda S. :
Haugh, :
     Petitioners :
        :
    v.    : No. 1985 C.D. 2016
        :
Pennsylvania Liquor Control Board, :
     Respondent :

## **O R D E R**

 **NOW**, October 4, 2017, because the appeal of T. Michael Haugh and Linda S. Haugh (the Haughs) from the July 20, 2016 Order of the Pennsylvania Liquor Control Board (Board) is governed by Section 702 of the Administrative Agency Law, 2 Pa. C.S. § 702, this Court, not the Court of Common Pleas of Adams County, has jurisdiction over that appeal. In consideration of the Board's Motion to Dismiss the Appeal as Moot (Motion to Dismiss) and the Haughs' response thereto, the Motion to Dismiss is **GRANTED**, and the Haughs' appeal from the July 20, 2016 Order is **DISMISSED**.

          _____
          **RENÉE COHN JUBELIRER,** Judge