600 A.2d 257

COUNTY COUNCIL OF the COUNTY OF ERIE, Appellant,

v.

COUNTY EXECUTIVE OF the COUNTY OF ERIE, Appellee.

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1991.

Decided Nov. 25, 1991.

Thomas S. Talarico, for appellant.

John Paul Garhart, Asst. County Sol., for appellee.

Before COLINS and PALLADINO, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

County Council of the County of Erie (Council) appeals from an order of the Court of Common Pleas of Erie County (trial court) dismissing Council's declaratory judgment action as moot. We affirm.

The facts underlying the declaratory judgment action are as follows. In April of 1989, the Director of the Public Health and Safety of Erie County (Director) expressed to the Director of Personnel and the County Executive of the County of Erie (Executive) his intention to retire. In an attempt to forestall the Director's retirement, the Executive increased the Director's workweek from 35 to 40 hours, thereby increasing the Director's salary. This resultant increase in salary was implemented without a performance review, or Council approval, and was objected to by Council.

On July 25, 1989, Council instituted a declaratory judgment action in the trial court seeking to have the action of the Executive declared violative of the Home Rule Charter and Personnel Code of Erie County, and declared null and void. Council also sought to have the Executive enjoined from paying the Director any moneys attributable to what it considered a salary advancement of the Director. One month later, on August 25, 1989, the Director retired.

The Executive, in her answer to the declaratory judgment action, denied her actions were violative of the Home Rule Charter and Personnel Code, and averred, as new matter,

that because the Director had since retired, the declaratory judgment action was rendered moot.

The Executive then filed a motion for judgment on the pleadings and/or for summary judgment, which requested that the case be dismissed for mootness. Council filed a cross-motion for summary judgment. The trial court, upon consideration of both the Executive's and Council's motions, dismissed the lawsuit as moot.

On appeal, Council argues 1) that the present lawsuit is not moot because the residual effects of the Executive's action, namely the Director's enhanced retirement benefits, have not been completely and irrevocably eradicated, and 2) that even if the lawsuit were moot, the case should not have been dismissed because the issue involved is one of great public importance, is capable of being repeated yet avoiding review, and has caused an ongoing detriment to the taxpayers of Erie County.[1]

 Unless an actual case or controversy exists at all stages of the judicial process, a case will be dismissed as moot. *Pennsylvania Liquor Control Board v. Dentici,* 117 Pa.Commonwealth Ct. 70, 542 A.2d 229 (1988). The only time this court will decide questions that have otherwise been rendered moot is when one or more of the following three exceptions to the mootness doctrine apply: 1) when the case involves questions of great public importance, or 2) when the conduct complained of is capable of repetition yet avoiding review, or 3) when a party to the controversy will suffer some detriment without the court's decision. *Strax v. Department of Transportation, Bureau of Driver Licensing,* 138 Pa.Commonwealth Ct. 368, 588 A.2d 87 (1991); *Cytemp Specialty Steel Division, Cyclops Corp. v. Pennsylvania Public Utility Commission,* 128 Pa.Commonwealth Ct. 349, 563 A.2d 593 (1989).

---

**1.** Our scope of review is limited to determining whether there has been an error of law or an abuse of discretion. *Agostine v. School District of Philadelphia,* 106 Pa.Commonwealth Ct. 492, 527 A.2d 193 (1987); *Peters Township School Authority v. United States Fidelity Guaranty Co.,* 78 Pa.Commonwealth Ct. 365, 467 A.2d 904 (1983).

■ As to Council's first argument, that the case is not moot because the Director's enhanced retirement benefits have a residual effect, we note that this issue is not before this court. A challenge to the Director's allegedly enhanced retirement benefits is properly directed to the body which administers these benefits, namely the Erie County Retirement Board (Board). In the context of this declaratory judgment action, there is no ongoing controversy regarding the Director's enhanced retirement benefits.

■ As to Council's second argument, seeking application of one of the three exceptions to the mootness doctrine, Council asserts that the Executive's alleged violation of the Home Rule Charter and Personnel Code is of great public importance because it constitutes an "unnecessary and unauthorized spending of taxpayer's tax dollars," and an "elected official's unfettered abuse of discretion in authorizing unnecessary expenditures." Brief of Council at 21.

The great public importance exception to the mootness doctrine is rarely invoked by the appellate courts of this jurisdiction. *In re Gross,* 476 Pa. 203, 382 A.2d 116 (1978); *Benoff v. Zoning Board of Adjustment,* 107 Pa.Commonwealth Ct. 578, 528 A.2d 705 (1987). Examples of the rare instances where this court and the Pennsylvania Supreme Court have invoked the great public importance exception in deciding moot cases include the following: *Jersey Shore Area School District v. Jersey Shore Education Association,* 519 Pa. 398, 548 A.2d 1202 (1988) (involved the reconciliation of a statute which gave teachers a right to strike with a statute which mandated 180 days of pupil instruction); *In re General Election, November 8, 1988,* 126 Pa.Commonwealth Ct. 450, 560 A.2d 260 (1989) (involved over 4,700 voters who failed to mail in their registration applications before the deadline); *Mifflin County School District v. Stewart,* 94 Pa.Commonwealth Ct. 313, 503 A.2d 1012 (1986) (involved the issue of whether an expelled student has a property right to attend his graduation ceremony); and *Southeastern Pennsylvania Transportation Authority v. Weiner,* 56 Pa.Commonwealth Ct. 104, 426

A.2d 191 (1981) (involved the increase of fares on commuter rail lines and transit divisions). We believe that the case before us does not involve a question of similar importance.

■ Council alternately argues that the present case is one which will likely reoccur, yet continue to evade review. We recognize that the Executive's action in increasing an employee's workweek may reoccur, but nothing has been suggested as to how this action would be likely to escape review in the future.

■ Finally, Council contends that because the Director's retirement benefits have been enhanced, the Erie County taxpayers will continue to suffer financial detriment because of the cost of the allegedly enhanced benefits. In support of this proposition, Council cites *Dentici*. *Dentici* states, in pertinent part, that a moot case will be decided by a court "when one party to a controversy will suffer or continue to suffer some detriment without the court's decision." *Id.* 117 Pa.Commonwealth Ct. at 73, 542 A.2d at 230. However, a "party to a controversy" means the actual litigants who take part in the suit, not merely interested persons who may, as a consequence, be affected by the suit. *See Commonwealth v. Smith*, 336 Pa.Superior Ct. 636, 486 A.2d 445 (1984); Black's Law Dictionary 1010 (5th ed. 1979). The taxpayers of Erie County, although they may be interested, have never been a party to the present controversy; therefore, this exception to the mootness doctrine is inapplicable.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, November 25, 1991, the order of the Court of Common Pleas of Erie County is affirmed.