IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy X. Wright,             :
                Appellant       :
                               :
         v.                  :
                               :   No. 1320 C.D. 2016
Kevin Hauffman, Lisa Hollibaugh,  :   Submitted: December 9, 2016
Sylvia Morris, Mr. R. Moyer,      :
Ms. Laird, Dorina Varner, and    :
Tabb Bickell                 :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: April 20, 2017

       Timothy X. Wright, an inmate, appeals an order of the Court of Common Pleas of Huntingdon County (trial court) dismissing his civil rights action against the named defendants, who are employed by the Pennsylvania Department of Corrections (Department Employees). On appeal, Wright contends that the trial court erred in holding that his religious discrimination claim was moot and by dismissing his complaint for the stated reason that Wright did not document the averment in his complaint that he had exhausted his administrative remedies with respect to his claims.[1] Concluding that the issue of whether Wright exhausted his administrative remedies required a record and that the trial court's one-sentence conclusion that the complaint did not state a constitutional claim is too summary to

---

[1] These claims include the assertion that Department Employees opened his legal mail marked confidential and charged a fee for a photocopy card.

allow for meaningful appellate review, we vacate the trial court's order and remand for further proceedings.

In January 2016, Wright, *pro se,* filed a complaint against Department Employees for violating his rights under the First,[2] Eighth[3] and Fourteenth[4] Amendments to the United States Constitution.  The complaint alleged that prison employees were opening his legal mail outside his presence, despite the words "Client-Attorney Communications" appearing on the outside of the envelope. Complaint at ¶25.  The complaint also alleged that Wright sought to have group worship services for his religion, Nation of Islam, but he was advised to perform his religious ceremonies on his own within his cell or participate in the Islamic services already offered at the institution.  Complaint at ¶17.  The complaint alleged that the Islamic services at SCI-Smithfield are not consistent with his

---

[2] The First Amendment states:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. CONST. amend. I.

[3] The Eighth Amendment states:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. CONST. amend. VIII.

[4] The Fourteenth Amendment states, in relevant part:

> Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, §1.

Nation of Islam beliefs and, further, the Department would not accommodate his need to fast during Ramadan in the month of December.  Complaint at ¶¶17, 19.  The complaint alleged that the Department had wrongfully required him to purchase a photocopy card for $1.00 even though the Department's policy authorized only a charge of ten cents per photocopy.  Complaint at ¶28.  Finally, the complaint alleged that between April and October of 2015, he filed several grievances with the Department regarding the above issues.  Complaint at ¶15.  Wright sought declaratory and injunctive relief.[5]

In response, Department Employees filed preliminary objections.  First, they argued that the complaint was deficient because Wright had not attached relevant writings, *i.e.*, the grievances that Wright claimed to have filed.  Second, they contended that Wright had not exhausted administrative remedies with respect to the handling of his legal mail and the request for Nation of Islam group worship services.  Third, they contended that the complaint did not state a claim with respect to the $1.00 charge for a photocopy card.   Finally, they suggested that the demand that the Department accommodate a December fast was moot because the Department had instituted a state-wide policy in December 2016 requiring all state correctional institutions to accommodate a December fast for inmates who are Nation of Islam members.

---

[5] Specifically, Wright asked the trial court to "stop the constitutional violations … and to ensure that [he] and Nation of Islam members in [SCI-Smithfield] receive their … [f]ast and [f]east during [the month] of Ramadan…."  Complaint at ¶40.  Wright also asked the trial court to issue declaratory and injunctive relief "stating that the actions of [Department Employees] violate[d his] rights under the First, Eighth and Fourteenth Amendment[s] to the United States Constitution." *Id.*

On March 18, 2016, the trial court sustained Department Employees'

preliminary objections, adopted the suggestion of mootness and dismissed the case.

Thereafter, Wright appealed. In its Rule 1925(a)[6] opinion, the trial court explained

why it sustained Department Employees' preliminary objections. The trial court

stated that Wright alleged violations of his property interest and First Amendment

rights, but "failed to attach any documents indicating that he has exhausted the

Department of Corrections administrative remedies." Trial Court Opinion at 2.

Additionally, the trial court stated that Wright "failed to raise any issues which

would rise to a Constitutional violation." *Id.*

On appeal,[7] Wright raises four issues.[8] First, he contends that his

group worship claim is not moot because SCI-Smithfield does not have a Ju'mah

service[9] for members of the Nation of Islam. Second, he contends that the trial

court erred because he was prevented from raising an exception to the mootness

doctrine. Third, he contends that the trial court erred in dismissing his claim that

his legal mail was being opened outside his presence. Fourth, he contends that the

trial court erred in dismissing his Fourteenth Amendment claim because he pled an

unlawful deprivation of his property rights.

---

[6] Pa. R.A.P. 1925(a).

[7] This Court's review of the trial court's dismissal of an action as moot determines whether the trial court has erred or abused its discretion. *County Council of County of Erie v. County Executive of County of Erie*, 600 A.2d 257, 259 n.1 (Pa. Cmwlth. 1991). When reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer, this Court's "standard of review is *de novo* and our scope of review is plenary." *Young v. Estate of Young*, 138 A.3d 78, 84 (Pa. Cmwlth. 2016) (citation omitted).

[8] For purposes of this opinion, we have reorganized Wright's issues on appeal.

[9] Wright explains the Ju'mah service as being the holy day of worship for members of the Nation of Islam. Members are required to attend this weekly service, where they listen to a sermon.

4

We begin with Wright's contention that the trial court erred in dismissing all of his religious claims as moot. Wright acknowledges that his claim related to the December fast is moot, but he argues that his claim that he cannot participate in a group worship service, including Ju'mah, remains a live controversy because SCI-Smithfield does not offer this service for members of the Nation of Islam. Department Employees respond that Wright's claim related to Ju'mah was not dismissed for mootness. Rather, the trial court dismissed this claim because he did not attach any documentation establishing he exhausted his administrative remedies.

An inmate pursuing a claim that conditions in a prison violate federal law or his constitutional rights must first exhaust administrative remedies. Section 1997e(a) of the federal Prison Litigation Reform Act states as follows:

> (a)  Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions *under section 1983 of this title* [42 U.S.C. §1983], *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a) (emphasis added). In Pennsylvania, Section 6603 of the act known as the Prison Litigation Reform Act[10] requires that prison condition litigation brought in state court comply with the requirements of the federal Prison Litigation Reform Act. It states:

> (a) Limitations on remedies for Federal claims.--Prison conditions litigation filed in or remanded to a court of this Commonwealth alleging in whole or in part a violation of

---

[10] 42 Pa. C.S. §§6601-6608.

Federal law *shall be subject to any limitations on remedies established by Federal law* or Federal courts with respect to the Federal claims.

42 Pa. C.S. §6603(a) (emphasis added). The exhaustion doctrine allows a prison to address complaints about the program it administers before being subjected to suit, thereby "reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007). "There is no question an inmate must exhaust all available administrative remedies before seeking redress from the courts." *LeGrande v. Department of Corrections*, 894 A.2d 219, 222 (Pa. Cmwlth. 2006).

Here, Wright's complaint alleged that he "sought redress with the administration at [SCI-Smithfield] as well as the office of Grievance Appeals in Harrisburg[]" regarding his request for group worship service, but it was denied.[11] Complaint at ¶¶4, 18. In their preliminary objections, Department Employees asserted that Wright "did not exhaust or [he] procedurally defaulted with respect to his administrative remedies for the claim[] concerning … the request for Nation of Islam group worship services." Preliminary Objections at ¶7. This preliminary objection contradicts the averments in Wright's complaint that he did seek redress with a grievance, with respect to his "religious rights." Complaint at ¶15. Because a dispute of fact has been raised, an evidentiary record is needed to resolve the dispute.

---

[11] Specifically, Wright alleged that he "filed several grievances" regarding, in part, his "religious rights not being recognized and violated." Complaint at ¶15.

In *Pelzer v. Wetzel*, 101 A.3d 142, 143-44 (Pa. Cmwlth. 2014), this Court held that, when considering a preliminary objection that raises failure to exhaust a statutory remedy, there must be an evidentiary record *if an issue of fact is raised*. In *Pelzer*, the inmate filed a class action complaint alleging that employees of the Department of Corrections violated his and other inmates' constitutional rights. In the complaint, the inmate averred that he "complied with [the Department's] internal grievance procedures before filing suit." *Id.* at 144. The Department filed preliminary objections alleging, in part, that the inmate did not exhaust his administrative remedies. The trial court dismissed the complaint.

Our Court explained that, "[a] preliminary objection asserting failure to exhaust administrative remedies 'cannot be determined from facts of record.'" *Id.* at 143-44 (citation omitted). The Pennsylvania Rules of Civil Procedure provide that where a preliminary objection raises an issue of fact, the trial court must consider additional evidence before ruling on the objection. *See* Pa. R.C.P. No. 1028(c)(2). "[I]f a trial court fails to take evidence on a factual issue raised by preliminary objections, an appellate court may vacate the trial court's order and remand for further proceedings." *Pelzer*, 101 A.3d at 144. Accordingly, we remanded the case to the trial court with instructions that the inmate be provided 20 days to file an amended complaint or respond to the preliminary objections. Additionally, we noted that the "trial court shall hold an evidentiary hearing on any factual issues that arise on remand." *Id.* at 144 n.4.

More recently, in *Minor v. Kraynak*, __ A.3d __ (Pa. Cmwlth., No. 948 C.D. 2016, filed February 17, 2017), our Court reaffirmed that when "an issue of fact is raised by the preliminary objections, the court must resolve a disputed

fact 'through interrogatories, depositions, or an evidentiary hearing.'" *Minor*, __ A.3d at __, slip op. at 20 (citation omitted). If a trial court does not take evidence on a factual issue raised by preliminary objections, then an appellate court will vacate the order and remand for further proceedings. *Id.*

Here, as in *Pelzer*, an issue of fact has been raised by Department Employees' preliminary objection that Wright did not exhaust administrative remedies. It was error for the trial court to dismiss Wright's complaint for failing "to attach documents" to support his allegations that he exhausted his administrative remedy. There is no requirement in the Pennsylvania Rules of Civil Procedure that evidence be provided at the pleading stage.[12] Accordingly, we vacate the trial court's order and remand for additional proceedings consistent with this opinion.

The remand will resolve Wright's second and third issues, *i.e.,* that his group worship claim is not moot and that Department Employees are opening his legal mail illegally. Whether Wright exhausted his administrative remedies on these counts must also be resolved on remand.

In his final issue, Wright contends that the trial court erred in dismissing his claim that the Department violated his Fourteenth Amendment rights by requiring him to purchase a photocopy card for $1.00. Wright contends that this charge conflicts with the Department's policy that photocopies are ten cents per page and, thus, deprives him of property without due process.

---

[12] Where a complaint arises from a writing, such as a written contract, the writing must be attached. Pa. R.C.P. No. 1019(i); *Feigley v. Department of Corrections*, 872 A.2d 189, 195 (Pa. Cmwlth. 2005). Wright's complaint arises from conduct of Department Employees, not a writing.

Department Employees respond that the charge for the photocopy card is consistent with Department policy.

The trial court's March 18, 2016, order states that the "[p]reliminary [o]bjections are [sustained]." Trial Court Order, 3/18/2016, at 1. In its Rule 1925(a) opinion, the trial court states that "[Wright] alleges continuous violations of his property interest and First Amendment rights.… [Wright] has failed to raise any issues which would rise to a Constitutional violation." Trial Court Opinion at 2. Neither the trial court's order nor its opinion offer any explanation. This is not sufficient for our Court to conduct a thorough and proper review on appeal. Accordingly, we vacate the trial court's order in this regard and remand the matter to the trial court for further consideration.

For the reasons stated above, we vacate the trial court's order and remand the matter for additional proceedings consistent with this opinion.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy X. Wright,                         :
                      Appellant          :
                                :
                                :
             v.                        :
                                :   No. 1320 C.D. 2016
Kevin Hauffman, Lisa Hollibaugh,           :
Sylvia Morris, Mr. R. Moyer,               :
Ms. Laird, Dorina Varner, and              :
Tabb Bickell                               :

# **O R D E R**

AND NOW, this 20th day of April, 2017, the order of the Huntingdon County Court of Common Pleas dated March 18, 2016, in the above-captioned matter is VACATED and this matter is REMANDED for further proceedings consistent with the foregoing opinion.

        Jurisdiction relinquished.

                                        _____
                                        MARY HANNAH LEAVITT, President Judge