IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia          :

                                      :

      v.                          :   No. 95 C.D. 2018

                                        :   SUBMITTED: November 30, 2018

Stephen Frempong-Atuahene,    :

                Appellant   :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                       FILED: January 18, 2019

Appellant Stephen Frempong-Atuahene (Appellant) appeals from the Court of Common Pleas of Philadelphia County's (Trial Court) December 18, 2017 order denying his Petition for a Special Injunction and Stay of Sheriff Sales (Third Petition). We dismiss his appeal as moot in part and quash as interlocutory in part.

On May 17, 2012, the City of Philadelphia (City) filed a lien against Appellant in the amount of $248,400.63 pursuant to the Self-Assessed Tax Lien Act (Act),[1] due to Appellant's alleged failure to pay, in full, the City's assessed business taxes between 1989 and 2008. Trial Court Record (T.R.) at 11-13.

On September 27, 2017, Appellant filed a Petition for Special Injunction (First Petition), in which he claimed that this lien was preventing him from obtaining rental licenses from the City for various, unspecified properties owned by Appellant, his wife, and/or unspecified companies, and requested a "special injunction" compelling the City to renew these licenses. *Id.* at 16-18, 22-24. In addition, Appellant sought to have the lien struck from the record, due to the City's alleged failure to comply with the Act's

---

[1] Act of December 1, 1959, P.L. 1673, *as amended*, 53 P.S. §§ 7501-7505.

notice requirements, and because the deficient notice violated his due process rights. *Id.* at 19, 24.[2] After a hearing, the Trial Court denied the First Petition on September 29, 2017. *Id.* at 40.[3] Inexplicably, the Trial Court then relisted the First Petition for another hearing and then "dismissed" it for lack of prosecution on October 13, 2017, despite the fact that the First Petition had already been denied. *Id.* at 42-43. Appellant did not appeal these determinations.

On November 21, 2017, Appellant filed a "Petition to Strike City's Self-Assessed Tax Lien Filed Without Compliance of Statutory Notice and Service Requirement and Constitutional Due Process and for Fatal Errors and Irregularities Apparent on the Face of the Record" (Second Petition). Therein, Petitioner reiterated his argument that the lien should be stricken due to statutorily and constitutionally deficient notice, while also claiming that and that the lien had expired, meaning that it was unenforceable. *Id.* at 49-57. The Trial Court denied the Second Petition on December 11, 2017. *Id.* at 63. Appellant never appealed this determination.

Appellant then filed his Third Petition on December 18, 2017, in which he rehashed his arguments from his First Petition, while also seeking stays to prevent the Philadelphia Sheriff's Office from selling his home, as well as a number of other, unidentified properties, at tax sales scheduled to occur on December 19, 20, and 21,

---

[2] Appellant's notice-related arguments are boilerplate and conclusory. *See* T.R. at 19, 24.

[3] It is not clear whether there is a transcript for this hearing, as it is not present in the Trial Court Record.

2

2017. *See id.* at 65-74.[4] The Trial Court held a hearing on December 18, 2017, and denied the Third Petition the same day,[5] on the basis

> that the City has properly exercised its discretion not to grant [Appellant] rental licenses because tax delinquency disqualifies a property owner from obtaining rental licenses. [Appellant] admittedly owns multiple properties. Nothing prevents him from selling or mortgaging one or more of those properties to pay his outstanding taxes or, at a minimum, to enter into an agreement with the City to pay his taxes.

*Id.* at 77-78. This appeal followed,[6] after which the City vacated the aforementioned lien. *See* City's Supplemental Reproduced Record at 158b.[7]

Appellant argues, in essence, that the Trial Court erred and abused its discretion by denying his Third Petition because the lien has expired, the City did not give him proper notice regarding the imposition of the lien, and he satisfied the requirements for injunctive relief.[8] *See* Appellant's Br. at 11-15, 23-29.[9] However, we need not address

---

[4] Appellant later identified these properties as 2124 North 11th Street, 1010 North Johnson Street, and 1333 East Mount Pleasant Avenue, all of which are in Philadelphia. *See* Notes of Testimony (N.T.), 12/18/17, at 20-22. In addition, he stated that his residence, which was scheduled to be sold by the Philadelphia Sheriff's Office, was located at 7500 North 21st Street in Philadelphia. *Id.* at 18-19.

[5] This order was not docketed until December 19, 2017.

[6] Interlocutory appeals of orders pertaining to requests for injunctions are permitted as of right. Pa. R.A.P. 311(a)(4).

[7] The record does not contain an explanation as to why the City elected to remove this lien.

[8] The Trial Court did not direct Appellant to file a statement of errors complained of on appeal and submitted its December 18, 2017 order in lieu of an opinion.

[9] Appellant also claims that the Trial Court improperly denied his First and Second Petitions. *See* Appellant's Br. at 15-35. However, Appellant failed to timely appeal as of right the order denying his First Petition, and the order denying his Second Petition is interlocutory and not reviewable until entry of a final order. *See Borough of Ambler v. Regenbogen*, 713 A.2d 145 (Pa. Cmwlth. 1998).

the merits of these arguments. "Unless an actual case or controversy exists at all stages of the judicial process, a case will be dismissed as moot." *Cty. Council of Cty. of Erie v. Cty. Exec. of Cty. of Erie*, 600 A.2d 257, 259 (Pa. Cmwlth. 1991) (internal citation omitted). Here, Appellant has admitted that his applications for renewal of his rental licenses were denied solely "due to the May 17, 2012 self-assessed tax liens." T.R. at 67. Given that this lien does not exist anymore, the only professed impediment to obtaining rental licenses from the City no longer stands in Appellant's path. Therefore, Appellant's challenge to the Trial Court's denial of his request, through the Third Petition, for injunctive relief restoring his rental licenses has been rendered moot.

There are exceptions to the mootness doctrine, where we "will decide questions that have otherwise been rendered moot . . . when one or more of the following [applies] . . . 1) when the case involves questions of great public importance, or 2) when the conduct complained of is capable of repetition yet avoiding review, or 3) when a party to the controversy will suffer some detriment without the court's decision." *Erie*, 600 A.2d at 259. We find, however, that instant matter does not fit within any of these exceptions. The denial of a mandatory injunction that would have compelled a municipality to issue rental licenses is not a matter of great public concern. In addition, similar situations are unlikely to escape our review, given that municipalities are rather unlikely to regularly remove tax liens in the absence of satisfaction of the amount owed, or a determination, judicial or otherwise, that the lien is not valid. Finally, Appellant will not suffer any harm by our decision here because the City's self-assessed tax lien, *i.e.*, the self-professed exclusive source of his troubles, has been extinguished.

In addition, Appellant claims that the Trial Court improperly denied his requests to stay the sheriff's sales of his home and his rental properties. Appellant's Br. at 14-

Thus, this appeal is limited to challenging the Trial Court's December 18, 2017 order, meaning that the denials of the First and Second Petitions are outside the scope of our review.

4

15, 23-24, 28-29. However, the denial of a petition to stay a sheriff's sale is interlocutory in nature and, thus, not appealable. *Farmers First Bank v. Wagner*, 687 A.2d 390, 391 (Pa. Super. 1997). Consequently, we quash that portion of his appeal.[10]

_____

ELLEN CEISLER, Judge

---

[10] We must also note that Appellant's Third Petition was effectively a broad, impermissibly collateral attack against four separate tax sales through a fifth, unrelated matter, the only commonality among which is Appellant's alleged ownership of each affected property and the lien having been assessed against him. *See Dep't of Revenue v. City of Philadelphia*, 290 A.2d 734, 735 (Pa. Cmwlth. 1972) ("[A] decree of a court of competent jurisdiction valid and regular on its face may not be attacked collaterally in respect of its validity or binding effect where the court had jurisdiction of the subject matter and the parties."). Furthermore, a license is a privilege, and contrary to Appellant's assertion, he does not have an absolute right to obtain permission from the City to rent out his properties. *See Mastrangelo v. Buckley*, 250 A.2d 447, 464 (Pa. 1969) ("A license fee is a sum assessed for the granting of a privilege."); T.R. at 68 (Appellant claiming that the City's refusal to issue rental licenses to him has "[denied] him the right to collect rental income from his tenants.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia            :
                                :
        v.                      :    No. 95 C.D. 2018
                                :
Stephen Frempong-Atuahene,      :
                  Appellant     :


**O R D E R**

AND NOW, this 18th day of January, 2019, Appellant Stephen Frempong-Atuahene's appeal pertaining to the Court of Common Pleas of Philadelphia County's December 18, 2017, order is DISMISSED AS MOOT IN PART and QUASHED AS INTERLOCUTORY IN PART.


_____
ELLEN CEISLER, Judge