IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frederick Lewis Bill, Jr.,                  :
                        Petitioner           :
                                             :
        v.                                   :  No. 437 M.D. 2017
                                             :  SUMBITTED: March 15, 2019
Frank Noonan,                                :
                        Respondent           :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                      FILED:  May 16, 2019


        Before this Court, in our original jurisdiction, are preliminary objections to
the petition for review in the nature of mandamus of Frederick Lewis Bill, Jr.
(Petitioner), an inmate at a state correctional institution.  Petitioner, a sexually
violent predator, argues he is no longer subject to lifetime registration requirements.
Respondent, the Commissioner of the Pennsylvania State Police (Commissioner)[1]
objects that the petition does not properly sound in mandamus, is not ripe, is barred
by compliance with federal law, is moot, and fails to state a claim upon which relief
can be granted.  After thorough review, we sustain the preliminary objections and
dismiss the petition for review with prejudice.

---

[1] The named Respondent, Frank Noonan, was the Commissioner of the Pennsylvania State
Police at the time Petitioner filed his petition for review.  The present Commissioner is Robert
Evanchick, as reflected in the caption of Respondent's brief.  However, the record does not reflect
any formal amendment of the caption of this action.  *See* Pa. R.A.P. 502(c).

## I. Background

Pennsylvania's legislature has enacted a series of statutes and amendments requiring registration of information with the State Police by criminal offenders convicted of certain sexual offenses:

1.   42 Pa. C.S. §§ 9791-9799.6 (Megan's Law I) was enacted in 1995.

2.   42 Pa. C.S. §§ 9791-9799.7 (Megan's Law II) was enacted in 2000.

3.   42 Pa. C.S. §§ 9791-9799.9 (Megan's Law III) was enacted in 2004.

4.   42 Pa. C.S. §§ 9799.10-9799.41, the Sex Offender Registration and Notification Act (SORNA I), was enacted in 2012.

5.   42 Pa. C.S. §§ 9799.10-9799.75 (SORNA II) was enacted in two pieces of legislation (Act 10 and Act 29)[2] in 2018.

Petitioner is classified as a sexually violent predator based on his convictions for involuntary deviate sexual intercourse and rape. Pet. for Review, ¶¶ 4, 5. He does not challenge that classification. Although he states he was convicted in 2005,[3] the record before us does not indicate on what date or dates he committed the crimes of which he was convicted. Therefore, it is not clear whether Megan's Law II or III was in effect at the time Petitioner committed the offenses at issue.[4] However, both Megan's Law II and III imposed lifetime registration requirements upon persons classified as sexually violent predators, as do SORNA I and II. *Former* 42 Pa. C.S.

---

[2] Act of February 21, 2018, P.L. 27 (Act 10); Act of June 12, 2018, P.L. 140 (Act 29).

[3] Petitioner also avers he was sentenced to serve 5 to 10 years in prison and has not been paroled. The record before us does not disclose why Petitioner presently remains incarcerated, his alleged maximum sentence apparently having expired in 2015.

[4] The date of the crime, not the date of the conviction, governs which version of Megan's Law or SORNA applied initially. *Groulx v. Pa. State Police* (Pa. Cmwlth, No. 121 M.D. 2018, filed January 24, 2019), 2019 Pa. Commw. Unpub. LEXIS 57 (unreported) (citing, *inter alia*, *Commonwealth v. Allshouse*, 36 A.3d 163 (Pa. 2012)).

§ 9795.1(b)(3) (Megan's Law II); 42 Pa. C.S. § 9799.15(a)(6) (Megan's Law III, SORNA I and II). Thus, at all times since his classification as a sexually violent predator, Petitioner has been subject to a lifetime registration requirement.

Megan's Law III expired on the effective date of SORNA I. In his petition for review, Petitioner asserts that the expiration of Megan's Law III ended his lifetime registration requirement. He contends that continuation of the lifetime registration requirement through SORNA I, or any other statute post-dating his 2005 conviction, is unconstitutional as applied to him. He argues the registration requirement constitutes an impermissible *ex post facto* law under the United States and Pennsylvania Constitutions[5] and violates the "reputation clause" of the Pennsylvania Constitution.[6] Relying on our Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), *cert. denied*, ___ U.S. ___, 138 S. Ct. 925 (2018), Petitioner seeks relief to prevent enforcement of any registration requirement against him upon his release from incarceration.

## II. Issues

The Commissioner's preliminary objection is in the nature of a demurrer. He offers several arguments in support of his preliminary objection.[7]

---

[5] U.S. CONST. art. I, § 9, cl. 3; PA. CONST. art. I, § 17.

[6] Both Article I, Section 1 and Article I, Section 11 of the Pennsylvania Constitution provide safeguards for reputation rights. Petitioner does not specify whether he refers to one or both of those provisions in the petition for review. Our Supreme Court has cited both provisions in relation to SORNA. *See In re J.B.*, 107 A.3d 1 (Pa. 2014).

[7] In considering preliminary objections, we accept as true all well-pleaded allegations of material fact in the petition for review, as well as all inferences reasonably deduced from those facts. *Doe v. Miller*, 886 A.2d 310, 314 (Pa. Cmwlth. 2005), *aff'd per curiam*, 901 A.2d 495 (Pa. 2006). We need not accept conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion. *Id.* We will sustain a preliminary objection only when it appears with certainty that the law will not permit recovery. *Id.*

The Commissioner contends mandamus is not the appropriate form of action in Petitioner's petition for review. The Commissioner insists the State Police have neither the duty nor the authority to provide the relief Petitioner seeks, and further, Petitioner has no clear right to such relief. The Commissioner observes that the State Police have no discretion to determine who is subject to SORNA's registration requirements.

The Commissioner also asserts that Petitioner's petition for review is not ripe for adjudication because he will not have to register with the State Police until he is actually released from incarceration. The Commissioner points out that Petitioner has not indicated a maximum release date and therefore has not shown when, or if, he will definitely be released.

The Commissioner argues the petition for review is moot because it relates to SORNA I, which has been replaced in part by SORNA II. The Commissioner argues Petitioner is subject to SORNA II and has been subject to all versions of the statute from Megan's Law II forward. The Commissioner acknowledges that a portion of SORNA I was invalid, as found by our Supreme Court in *Muniz*. However, SORNA II, enacted to respond to *Muniz*, applies to sex offenders who committed their crimes before December 20, 2012 and is constitutional. SORNA II merely continues the registration requirements previously imposed in Megan's Law II and III and SORNA I.

The Commissioner further contends that SORNA II is merely a civil registration system and does not impose criminal punishment. The Commissioner also points out that registration requirements must be enforced to avoid loss of

4

federal funds under the Adam Walsh Child Protection and Safety Act of 2006 (Adam Walsh Act).[8]

### III. Discussion

### A. Nature of Requested Relief

Citing *Gordon v. Pennsylvania Department of Corrections*, 16 A.3d 1173 (Pa. Cmwlth. 2010), the Commissioner argues the State Police are merely following applicable law in enforcing registration requirements. He contends a petition for review sounding in mandamus is an inappropriate means of requesting the relief Petitioner seeks. However, our analysis of the petition for review reveals it does not sound in mandamus.

In *Taylor v. Pennsylvania State Police*, 132 A.3d 590 (Pa. Cmwlth. 2016) (*en banc*), the petition for review ostensibly sounded in mandamus. The petitioner asked this Court to find SORNA unconstitutional as applied to him, and to determine that he was not required to comply with SORNA's registration requirements. Like the Commissioner here, the State Police in *Taylor* filed a preliminary objection arguing that mandamus was not an appropriate form of action to seek the relief requested because there was no mandatory duty to provide the relief requested. This Court overruled the preliminary objection.

The exclusive method for seeking review by this Court is a petition for review. *See* Pa. R.A.P. 1501(a)(3), 1502, 1511. The purpose of this requirement is to "'eliminate the wasteful and confusing practice of filing multiple "shotgun" pleadings in equity, mandamus, prohibition, statutory appeal, etc., and . . . permit the parties and the court to proceed directly to the merits unencumbered by procedural abstractions.'" *Taylor*, 132 A.3d at 599-600 (quoting Pa. R.A.P. 1502 Note).

---

[8] 34 U.S.C. §§ 20901 - 20945.

5

The rules of procedure are "'liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable.'" *Id.* at 600 (quoting Pa. R.A.P. 105). "'Form must not be exalted over substance . . . .'" *Id.* (quoting *In re Tax Claim Bureau*, 436 A.2d 144, 146 (Pa. 1962)). Accordingly, actions brought in the wrong form are treated as having been brought in the correct form. *Id.* (citing *Commonwealth, Auditor Gen. v. Borough of E. Washington*, 378 A.2d 301 (Pa. 1977)); *see also Corliss v. Pa. State Police* (Pa. Cmwlth., No. 580 M.D. 2014, filed April 26, 2016), 2016 Pa. Commw. Unpub. LEXIS 304 (unreported) (citing and discussing *Taylor*) (petition labeled as in mandamus but seeking declaratory and injunctive relief would be treated as if filed in the nature of declaratory judgment).

Here, as in *Taylor*, the petition for review ostensibly sounds in mandamus, but it requests injunctive relief.[9] Therefore, we consider the petition as properly styled to seek such relief. As we did in *Taylor*, we reject the Commissioner's request for dismissal of the petition as sounding improperly in mandamus.

## B. Ripeness

The Commissioner argues Petitioner's claim is not ripe for adjudication because Petitioner does not need to comply with the registration requirements of SORNA II until he is released from prison. This Court has repeatedly addressed and rejected this argument in other cases. *See Young v. Pa. State Police* (Pa. Cmwlth., No. 448 M.D. 2017, filed December 14, 2018), 2018 Pa. Commw. Unpub. LEXIS 662 (unreported) (citing and discussing *Gregory v. Pa. State Police*, 160 A.3d 274 (Pa. Cmwlth. 2017) (citing *Van Doren v. Mazurkiewicz*, 695 A.2d 967 (Pa. Cmwlth.

---

[9] Petitioner "seeks mandamus relief directing the Commissioner not to require Petitioner to comply with SORNA, or any other sex offender enactment that post-dates [his] 2005 conviction." Pet. for Review, ¶ 11.

6

1997)). As we explained in *Young*, an incarcerated petitioner has standing to challenge registration requirements that will apply to him when he is released. *Id.* (citing *Gregory* and *Van Doren*). The potential harm of enforcing the requirements is not remote just because the petitioner's release is not imminent. *Id.* (citing *Gregory*). Moreover, waiting to adjudicate such a challenge until the registration requirements are actually imposed would add little to our review. *Id.* (citing *Gregory*). Therefore, the issue is ripe and should be resolved prior to a petitioner's release. *Id.* (citing *Gregory*). *See also*, *e.g.*, *Groulx v. Pa. State Police* (Pa. Cmwlth., No. 121 M.D. 2018, filed January 24, 2019), 2019 Pa. Commw. Unpub. LEXIS 57 (unreported) (registration challenge ripe although inmate was nearly two decades from possible parole); *Lusik v. Pa. State Police* (Pa. Cmwlth., No. 405 M.D. 2017, filed November 26, 2018), 2018 Pa. Commw. Unpub. LEXIS 625 (unreported) (registration challenge ripe although release may not occur until 2024); *Padgett v. Noonan* (Pa. Cmwlth., No. 412 M.D. 2017, filed July 30, 2018), 2018 Pa. Commw. Unpub. LEXIS 413 (unreported) (inmate had standing to challenge SORNA although release was not imminent).[10]

We conclude the petition for review asserts a claim that is ripe despite Petitioner's present incarceration. Accordingly, we reject the Commissioner's ripeness challenge.

### C. Compliance with the Adam Walsh Act

The Commissioner argues that Pennsylvania's statutory registration requirements must comply with those set forth in the Adam Walsh Act, in order to avoid losing certain federal funding. However, the provisions of the Adam Walsh Act cited by the Commissioner merely impose general registry requirements; they

---

[10] We cite these unpublished opinions as persuasive pursuant to this Court's Internal Operating Procedures. 210 Pa. Code §69.414(a).

7

do not mandate enactment of any particular statutory scheme by a state. Thus, while it is true a state must have a registration statute in place to receive the federal funds at issue, that fact adds no support to the Commissioner's argument concerning the constitutionality of the specific registration requirements challenged by Petitioner. We therefore reject the Commissioner's assertion of noncompliance with federal law.

### D. Constitutionality of SORNA I and II, as Applied

The Commissioner asserts Petitioner's constitutional challenge to SORNA fails to state a claim upon which relief can be granted, for several reasons. We agree in part and disagree in part. We discuss each of the Commissioner's arguments in turn.

### 1. Mootness of Petitioner's Claim under SORNA I

The Commissioner suggests the petition for review is moot, because it argues the constitutionality of SORNA I, and SORNA II has replaced SORNA I. We disagree that mootness requires dismissal here.

Because there must be an actual controversy at every stage of a proceeding, courts generally will not decide moot questions. *Lusik* (citing *Pub. Defender's Office of Venango Cty. v. Venango Cty. Court of Common Pleas*, 893 A.2d 1275 (Pa. 2006); *Cty. Council of Erie v. Cty. Exec. of Erie*, 600 A.2d 257 (Pa. Cmwlth. 1991)). A question is moot when deciding it can have no practical effect on the existing controversy. *Id.* (citing *Chruby v. Dep't of Corr.*, 4 A.3d 764 (Pa. Cmwlth. 2010)). An issue may become moot because of an intervening change in the applicable law. *Id.* (citing *Pub. Defender's Office of Venango Cty.*).

In *Groulx*, the petitioner challenged enforcement of SORNA I or any amended version or future enactment. Like the Commissioner here, the respondent in *Groulx*

8

filed a preliminary objection arguing the petition for review was moot because of SORNA II's replacement of SORNA I. Acknowledging the petition's reference to amendments or future enactments, we granted leave to amend the petition to refer specifically to SORNA II. We therefore overruled the respondent's mootness objection.

We find our analysis in *Groulx* persuasive here. However, we will not grant Petitioner leave to amend under the circumstances of this case. In *Groulx*, the petitioner alleged that SORNA I impermissibly subjected him to more onerous registration requirements than the prior law. It was unclear from the petition whether he could assert the same claim regarding SORNA II. Here, however, our constitutional analysis, which is dispositive of Petitioner's petition, would be the same under either SORNA I or SORNA II. Therefore, amending the petition to seek relief from registration requirements under SORNA II would be futile. Accordingly, we reject the Commissioner's mootness argument. However, in light of our disposition of the constitutional issues below, we do not grant leave to amend the petition for review.

## 2. *Ex Post Facto* Clauses

The United States Constitution provides, in pertinent part: "No … *ex post facto* Law shall be passed." U.S. CONST. art. I, § 9, cl. 3 (emphasis added). The Pennsylvania Constitution likewise provides, in pertinent part: "No *ex post facto* law … shall be passed." PA. CONST. art. I, § 17 (emphasis added). "[T]he *ex post facto* clauses of the United States and Pennsylvania Constitutions are virtually identical in language, and the standards applied to determine *ex post facto* violations under both constitutions are comparable." *Commonwealth v. Allshouse*, 36 A.3d 163, 184 (Pa. 2012) (citing *Commonwealth v. Young*, 637 A.2d 1313 (1993)). In

9

*Muniz,* however, our Supreme Court concluded that the Pennsylvania Constitution's recognition of reputation as an inherent right, *see* PA. CONST. art. I, §§ 1, 11, suggests Pennsylvania's *ex post facto* clause may be "even more protective than its federal counterpart." *Muniz*, 164 A.3d at 1222. Nonetheless, we reject Petitioner's contention that SORNA I or II violates either *ex post facto* clause, as applied to him.

In *Muniz*, an inmate had been convicted of indecent assault. At the time of his conviction, Megan's Law III required registration with the State Police for 10 years following release from incarceration. However, Muniz absconded before sentencing. By the time he was apprehended and sentenced several years later, SORNA I was in effect. SORNA I established a "tier system" for classifying sexual offenses. *See* 42 Pa. C.S. § 9799.14. The new classification system resulted in application of a lifetime registration requirement in relation to the offenses for which Muniz had been convicted. He challenged the constitutionality of applying the change in classification retroactively to him.

Notably, the constitutional challenge in *Muniz* was expressly limited to retroactive application of section 9799.14 of SORNA I, the new tier classification system. As discussed above, the lifetime registration requirement for sexually violent predators is found in section 9799.15(a)(6) of SORNA I and II, formerly in Megan's Law III, and in section 9795.1(b)(3) of Megan's Law II. The constitutional challenge in *Muniz* was not to the lifetime registration provision of SORNA I as such, but rather, to the retroactive application of new determinations of additional offenses to which the lifetime registration requirement would apply.

Our Supreme Court agreed that retroactive application of SORNA I's new tier system violated constitutional *ex post facto* proscriptions, to the extent that it imposed a lifetime registration requirement *not applicable when Muniz committed*

10

*his crimes*. The Court's analysis stressed that "individuals are entitled to 'fair warning' about what constitutes criminal conduct, and what the punishments for that conduct entail." *Muniz*, 164 A.3d at 1195 (citing *Miller v. Florida*, 482 U.S. 423 (1987); *Commonwealth v. Rose*, 127 A.3d 794 (Pa. 2015)). "'Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint *when the legislature increases punishment beyond what was prescribed when the crime was consummated*.'" *Id.* (quoting *Weaver v. Graham*, 450 U.S. 24, 30 (1981) (emphasis added)).

Here, however, our Supreme Court's rationale in *Muniz* is inapplicable to Petitioner's request for relief. Megan's Law II, *former* 42 Pa. C.S. §§ 9795.1(b)(3), as well as Megan's Law III and SORNA I and II, 42 Pa. C.S. § 9799.15(a)(6), have consistently imposed lifetime registration requirements for convicted criminals classified as sexually violent predators. The petition for review acknowledges Petitioner is classified as a sexually violent predator. Pet. for Review, ¶ 5. He does not challenge that classification under any version of the statute. Thus, Petitioner has been continuously subject to the lifetime registration requirement since his conviction. The legislature, in enacting SORNA I and then SORNA II, did not increase his registration obligation beyond what was prescribed when he committed his crimes.

This Court has repeatedly determined that SORNA I is not an unconstitutional *ex post facto* law as applied, to the extent it merely continues the same registration requirement already in place under prior law. *See Groulx* (citing *Rose*; *Allshouse*; *Marshall v. Pa. State Police* (Pa. Cmwlth., No. 552 M.D. 2017, filed July 18, 2018), slip op. at 7-8). We likewise conclude here that neither SORNA I nor SORNA II constitutes an impermissible *ex post facto* law as applied to Petitioner. He simply

11

remains subject to the same registration requirement that has applied to him since 2005. Accordingly, we agree with the Commissioner that the petition for review fails to state a claim that SORNA I or II, as applied to Petitioner, violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions.

### 3. "Reputation" Clauses

The Pennsylvania Constitution protects, among mankind's "inherent and indefeasible rights," that of "possessing and protecting property *and reputation*...." PA. CONST. art. I, § 1 (emphasis added). The Pennsylvania Constitution likewise provides that "every man for an injury done him in his lands, goods, person *or reputation* shall have remedy by due course of law...." *Id.* art. I, § 11 (emphasis added).

Petitioner avers that applying SORNA I to him violates his reputation rights under the Pennsylvania Constitution. However, he fails to develop or explain that assertion in response to the preliminary objection, and he cites no supporting authority other than his general reliance on *Muniz*.

In *Muniz*, an inmate attempted to raise a similar constitutional reputation argument, but failed to properly preserve it. Therefore, our Supreme Court's majority opinion discussed that argument only as informing its *ex post facto* analysis. The concurring and dissenting opinions similarly discussed reputation rights only in considering whether registration requirements constitute punishment, which is also part of the *ex post facto* analysis.[11]

---

[11] The Commissioner also argues the registration requirements are not punitive, and implies they are therefore not unconstitutional. In *Muniz*, our Supreme Court found SORNA I was punitive in nature, despite a contrary legislative statement of intent. The significance of that finding was that it meant the new "tier" system created in section 9799.14 of SORNA I unconstitutionally imposed added punishment when it changed the registration requirements for certain offenders. However, there has been no change in the registration requirement applicable to Petitioner. Thus, whether the registration requirement is punitive or non-punitive is not relevant here.

12

We discern no basis, under *Muniz* or otherwise, for a claim that either SORNA I or II constitutes a violation of reputation rights where it simply continues registration requirements already imposed under prior law. Therefore, we agree with the Commissioner that the petition for review fails to state a claim for relief based on a violation of constitutional reputation rights.

## IV. Conclusion

Based on the foregoing discussion, we sustain the Commissioner's preliminary objection asserting that Petitioner's constitutional challenge fails to state a claim upon which relief can be granted. We further find that amendment of the petition for review would be futile. Accordingly, we dismiss the petition for review with prejudice.

_____
ELLEN CEISLER, Judge

13

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frederick Lewis Bill, Jr.,       :
               Petitioner     :
                                   :
      v.                  :  No. 437 M.D. 2017
                                   :
Frank Noonan,              :
               Respondent  :

# **O R D E R**

AND NOW, this 16th day of May, 2019, we enter the following order:

The preliminary objection of Respondent, Frank Noonan, is SUSTAINED.

The petition for review is DISMISSED with prejudice.

_____
ELLEN CEISLER, Judge