IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Fennell,                              :
                    Appellant                :
                                             :
        v.                                   :  No. 187 C.D. 2020
                                             :  SUBMITTED: July 17, 2020
Department of Corrections                    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  August 27, 2020

        Robert Fennell (Fennell) appeals from a November 27, 2019 order of the
Court of Common Pleas of Huntingdon County (Common Pleas) dismissing
Fennell's "Motion for an Order Directing the Department of Corrections to Cease
and Desist the Forwarding of [Fennell's] Mail to Another Address" (Motion to
Desist). Common Pleas dismissed Fennell's Motion to Desist as frivolous pursuant
to Pennsylvania Rule of Civil Procedure No. 240(j)(1).[1] After thorough review, we
vacate Common Pleas' order, treat the Motion to Desist as a petition for review in
this Court's original jurisdiction, and direct Fennell to file an amended petition for
review within 30 days of the date he receives this order.

---

[1] This rule states: "If, simultaneous with the commencement of an action or proceeding or
the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court
prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of
poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous." Pa. R.C.P.
No. 240(j)(1).

## I. Facts and Procedural History

On November 25, 2019, Fennell, an inmate currently incarcerated at the State Correctional Institution at Smithfield, filed his Motion to Desist with Common Pleas. Therein, Fennell stated that he had received a memo from the Department of Corrections (Department) addressed to all inmates on September 7, 2018, "informing [him] that his mail will be redirected to [Smart Communications,] a company located in Florida, where the original will be copied and destroyed after 45 days and the copy will be sent to [him at his] current address." Motion to Desist at 1. Fennell argued that this policy violated the directives set forth in several publications issued by the United States Postal Service (USPS), specifically Section 274.96[2] of the Administrative Support Manual, Sections 508 1.6.1[3] and 508 1.6.3[4] of

---

[2] According to the documentation Fennell attached to his Motion to Desist, this section reads as follows:

> **Mail Addressed to Prisoners**[:] Authorized personnel of prisons, jails, or other correctional institutions, under rules and regulations promulgated by the institution, may open, examine, and censor mail sent from or addressed to, an inmate of the institution. An inmate may designate in writing an agent outside the institution to receive his or her mail, either through an authorized address of the agent, if the mail is so addressed, or at the delivery Post Office serving the institution, if the mail is addressed to the inmate at the institution.

Motion to Desist at 4. Thus far, the Department has not challenged the veracity of any of the documentation provided by Fennell.

[3] According to the documentation Fennell attached to his Motion to Desist, this section reads as follows: "**Patient or Inmate**[:] Mail addressed to a patient or inmate at an institution is delivered to the institution authorities. If the addressee is no longer at that address, the mail must be redirected to the current address, if known, or endorsed appropriately and returned by the institution to the Post Office." Motion to Desist at 3.

[4] According to the documentation Fennell attached to his Motion to Desist, this section reads as follows: "**Prisoner**[:] Mail addressed to a prisoner is subject to the mail security standards in the *Administrative Support Manual*." Motion to Desist at 3 (emphasis in original).

the Domestic Mail Manual, and Section 615.1[5] of the Postal Operations Manual. In addition, Fennell argued that this policy violated 18 U.S.C. § 1702, which criminalizes interference with mail delivery.[6] On these bases, Fennell requested that Common Pleas order the Department to end the mail policy to which he objected or, in the alternative, to halt this policy until Fennell's legal challenge had been resolved. Motion to Desist at 2. Fennell also filed a Motion for Leave to Proceed *In Forma Pauperis* that same day.

On November 27, 2019, Common Pleas exercised its authority under Pennsylvania Rule of Civil Procedure 240(j)(1) and dismissed Fennell's Motion to Desist. Common Pleas stated that the Motion to Desist was frivolous because Fennell had failed to articulate how either the aforementioned federal law or USPS

---

[5] According to the documentation Fennell attached to his Motion to Desist, this section reads as follows:

> **Mail Addressed to Patients or Inmates**[:] Mail addressed to patients or inmates at institutions is delivered to the institutional authorities who, in turn, deliver the mail to the addressee under the institution's rules and regulations. If the addressee is no longer at that address, the mail must be redirected to his or her current address by the institution. If the forwarding address is unknown, the mail is returned to the Post Office.

Motion to Desist at 5.

[6] This statute reads as follows:

> Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1702.

directives applied to the Department's mail handling policy. Common Pleas Order, 11/29/19, at 1. Common Pleas also reasoned that, even assuming that the USPS directives were applicable to this policy, they actually undermined Fennell's argument by recognizing prison authorities' control over mail handling at correctional facilities. *Id.* at 1-2. Finally, Common Pleas stated that regulating such facilities' internal processes is generally left to the legislative and executive branches of government, and that the judiciary will only intervene when constitutional rights are at stake. *Id.* at 2. Without citing to any factual basis in the record, Common Pleas declared that it

> [could] only assume that the [Department's] inmate mail policy was implemented to address the well-documented and extensive problems the [Department] has faced with illicit drugs, such as synthetic marijuana, being smuggled into its facilities[, and would] not restrain the [Department] from implementing such a well-founded policy without good reason.

*Id.*

On December 9, 2019, Fennell appealed Common Pleas' order to the Superior Court. On December 16, 2019, Common Pleas issued a short opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a) (Rule 1925(a) opinion). The Rule 1925(a) opinion incorporated by reference Common Pleas' November 27, 2019 order, which Common Pleas posited had fully explained the reasoning behind its decision to dismiss Fennell's Motion to Desist. Common Pleas Order, 12/16/19, at 1. On January 13, 2020, the Superior Court transferred Fennell's appeal to this Court on the basis that we have exclusive appellate jurisdiction over appeals from the courts of common pleas to which a Commonwealth agency, such as the Department, is a party. Superior Ct. Order, 1/13/20, at 1; *see* 42 Pa. C.S. § 762.

4

## II. Discussion

Before we may address the merits of Fennell's appeal, we must determine whether the common pleas court had subject matter jurisdiction. "The question whether a court has jurisdiction . . . may be raised at any time in the course of the proceedings, including by a reviewing court *sua sponte*." *Dep't of Envtl. Prot. v. Cromwell Twp., Huntingdon Cty.*, 32 A.3d 639, 646 (Pa. 2011). We conclude that Common Pleas lacked jurisdiction to consider Fennell's Motion to Desist, which therefore renders the November 27, 2019 order a nullity.

Section 761 of the Judicial Code states, in relevant part:

> (a) **General rule.**--The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> > (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
> >
> > . . . .
> >
> > > (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa. C.S. § 761. Equitable actions against Commonwealth agencies, such as those which only seek injunctive relief, are neither in the nature of assumpsit or trespass, and therefore come within the scope of our exclusive original jurisdiction. *Chruby v. Dep't of Corr.,* 4 A.3d 764, 772 (Pa. Cmwlth. 2010). Here, the Department is indisputably a Commonwealth agency, *see Saunders v. Dep't of Corr.*, 749 A.2d 553, 554 (Pa. Cmwlth. 2000), and the relief sought by Fennell is clearly injunctive in nature. We therefore conclude Common Pleas lacked jurisdictional authority to

entertain Fennell's Motion to Desist, because this action was required, by law, to be filed in our Court.

Because Common Pleas lacked subject matter jurisdiction, we vacate its order dismissing the Motion to Desist. *Chruby*, 4 A.3d at 772. In addition, we will treat the Motion to Desist as a petition for review filed in this Court's original jurisdiction.[7] *See*, *e.g.*, *Bradley v. W. Chester Univ.,* (Pa. Cmwlth., No. 368 C.D. 2019, filed January 10, 2020)*,* slip op. at 11, 2020 WL 118614, at \*4;[8] *Fattah v. Smeal* (Pa. Cmwlth., No. 258 C.D. 2011, filed July 8, 2011), slip op. at 4, 2011 WL 10820696, at \*2; *In re Lotto Jackpot Prize of Dec. 3, 1982 Won by Marianov*, 602 A.2d 402, 406 (Pa. Cmwlth. 1992), *aff'd sub nom. Lotto Jackpot Prize of Dec. 3, 1982 won by Marianov*, 625 A.2d 637 (Pa. 1993).

---

[7] Section 5103 of the Judicial Code states:

> **General rule.**--If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa. C.S. § 5103(a).

[8] *See* Section 414(a) of the Internal Operating Procedures of the Commonwealth Court, 210 Pa. Code § 69.414(a) (unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value).

We acknowledge Common Pleas' conclusion that the Motion to Desist was frivolous. However, in his brief before this Court, Fennell raised an issue regarding the Department's putative noncompliance with the Commonwealth Documents Law,[9] which he failed to plead in the Motion to Desist. As this matter is now before this Court in our original jurisdiction, we will give Fennell an opportunity to file an amended petition for review, in order to properly raise that issue before we address the merits of his claims. *See* Pa. R.A.P. 105(a), 106; Pa. R.C.P. No. 1033(a).

### III. Conclusion

As such, we vacate Common Pleas' November 29, 2019 order and treat Fennell's Motion to Desist as a petition for review filed in this Court's original jurisdiction. We also grant Fennell leave to file an amended petition for review in this Court within 30 days of the date he receives this order.

_____
ELLEN CEISLER, Judge

---

[9] Act of July 31, 1968, P.L. 769, *as amended*, 45 P.S. §§ 1102-1602, and 45 Pa. C.S. §§ 501-907, which, collectively, are known as the "Commonwealth Documents Law." This was the official short title of the 1968 enactment. *See* Section 101 of the Act of July 31, 1968, P.L. 769.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert Fennell, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 187 C.D. 2020 |
| | : | |
| Department of Corrections | : | |

# **O R D E R**

AND NOW, this 27th day of August, 2020, the Court of Common Pleas of Huntingdon County's (Common Pleas) November 27, 2019 order is VACATED. This matter will be treated as a petition for review filed in this Court's original jurisdiction. The Prothonotary of the Commonwealth Court is directed to update the docket to reflect this matter's transfer from appellate jurisdiction to original jurisdiction, which shall include docketing this matter under a new, appropriate case identification number.

Furthermore, Petitioner Robert Fennell (Fennell) shall have 30 days from the date he receives the foregoing order to file an amended petition for review in this Court, including his assertion of a violation of the Commonwealth Documents Law, should Fennell wish to raise and preserve that issue before this Court.

_____
ELLEN CEISLER, Judge